566 So.2d 466 (1990)
Harold JOHNSON
v.
WESTON LUMBER & BUILDING SUPPLY COMPANY.
No. 07-CA-59030.
Supreme Court of Mississippi.
August 1, 1990.
Reeves Jones, Jackson, for appellant.
J. Gary Massey, Taylor Covington & Smith, Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
This case presents the issue of whether a judgment on a complaint to set aside an easement should be reversed. Harold Johnson's attorney withdrew as counsel on the same day the matter was tried, and a judgment was entered for the Defendant Weston with judgment for zero dollars returned on a counter-claim filed by the Defendant, Joseph Weston.
Harold Johnson filed a motion to set aside the judgment and to add Charles Sylvester as a party. The chancellor below denied the motion to set aside the judgment and disallowed the joinder of Charles Sylvester. From the denial of the motion to set aside the prior judgment, the denial of the joinder of Sylvester, and the finding that Johnson was in contempt of court, Johnson appeals, assigning as error the following:
1. THE COURT ABUSED ITS DISCRETION BY NOT GRANTING THE MOTION TO SET ASIDE JUDGMENT PURSUANT TO MISS. RULES OF CIVIL PROCEDURE, 60(b)(6), WHERE THE RECORD IS ABSENT OF ANY NOTICE BEING GIVEN TO THE AGGREIVED PARTY OF THE TRIAL AND THE PARTY WAS NOT REPRESENTED BY COUNSEL.
2. CHARLES SYLVESTER, SUCCESSOR IN INTEREST TO THE PROPERTY AT ISSUE, SHOULD HAVE BEEN MADE A PARTY TO THE PROCEEDING, AS NO LIS PENDENS HAD BEEN FILED.

STATEMENT OF THE FACTS
The facts surrounding this case are fairly straightforward. Harold Johnson commenced this civil action on April 24, 1987, by filing a complaint against Weston Lumber & Building Supply Co. Johnson, as of that date record title owner, sought a judgment declaring an official end to an easement over his property by the dominant estate alleged to be owned by Weston Lumber. Johnson claimed the easement had *467 either never existed due to ambiguity in the initial grant, or no longer existed due to failure to include the easement in subsequent conveyances or abandonment.
Weston Lumber's response was to disavow any interest in the property, claiming to have conveyed it to Joseph Weston. As a result, Weston Lumber was dismissed as a defendant and Johnson's complaint amended to reflect the defendant as Joseph Weston. Weston subsequently answered by denying the grounds to which Johnson alleged the easement to no longer exist and counterclaimed. Weston, via his counter-claims, asked that the existence of the easement be judicially acknowledged and Johnson ordered to clear the easement of all obstructions and further sought compensatory and punitive monetary damages. This answer was filed on July 17, 1987.
The property is located on Bailey Avenue in Jackson and it appears the purpose of the easement was to allow a railroad spur to be used in shipping and receiving lumber. In recent times the spur (and easement) had been used sparingly. However, Weston apparently wished to resume using the spur for shipping purposes and so notified Johnson in order that the spur might be cleared for resumption of use.
On August 18, 1987, Weston filed a motion for summary judgment and a hearing on the matter was set for September 2, 1987. While there is no evidence on the record of a ruling on this motion, it seems of no consequence in light of the October 26, 1987, trial of the matter.
The real gravamen of this appeal occurred in late October of 1987. Johnson and his counsel became embroiled in a dispute regarding attorney fees which resulted in Johnson's counsel filing a motion to withdraw on October 15, 1987, with a hearing noticed for October 22, 1987. While no record exists of any response by Johnson to the motion of his counsel to withdraw or of a October 22nd hearing on the motion, an order authorizing Johnson's counsel to withdraw was entered on October 26, 1987. On that same day, without Johnson or a representative of his interests present, the matter was tried. Judgment against Johnson confirming the easement but awarding no monetary damages to Weston was rendered the following day, October 27, 1987. Significantly, no notice setting the matter for trial appears in the record.
Subsequently, on November 16, 1987, Johnson, joined by Charles Sylvester, filed their Rule 60(b)(6) motion to set aside the judgment of October 27, 1987, and Rule 19(a)(2) motion asking that Sylvester be joined as a party. The basis of the motion was (1) neither Johnson nor his counsel were present at the trial, Johnson's counsel having withdrawn his representation of Johnson prior to the trial; (2) on September 24, 1987, Johnson had conveyed the property along with the serviant estate of the easement to Charles Sylvester to satisfy the deed of trust on the property held by Sylvester. As a result of the conveyance, Sylvester held fee simple title to the property subject to the easement and Johnson no longer held any interest. The motion also asserted that because no lis pendens notice was filed in the Chancery Clerk's office and the conveyance was filed of record prior to the entry of the judgment, the judgment was unenforceable against Sylvester. In the end, the motion asked that the judgment be set aside and Sylvester joined in the action.
The Chancery Court denied the motion to set aside the judgment and join Sylvester as a party at the conclusion of a hearing on the matter on December 15, 1987. At the hearing, Johnson's former counsel testified he never informed Johnson of the pending trial date. Sylvester testified ambiguously concerning his knowledge of the litigation concerning the easement, stating that he knew there was a "dispute", but did not know about the litigation. The notice of appeal by Johnson indicates it was joined by Charles Sylvester.

DISCUSSION OF THE ISSUES

THE COURT ABUSED ITS DISCRETION BY NOT GRANTING THE MOTION TO SET ASIDE JUDGMENT PURSUANT TO MISS. RULES OF CIVIL PROCEDURE, 60(b)(6), WHERE THE RECORD IS ABSENT OF ANY NOTICE *468 BEING GIVEN TO THE AGGRIEVED PARTY OF THE TRIAL AND THE PARTY WAS NOT REPRESENTED BY COUNSEL.
This is the overriding assignment of error in this cause. Because of the decision we reach concerning this assignment of error, the other issues need not be articulated and discussed in any great detail.
MRCP 60(b)(6) states:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(6) any other reason justifying relief from the judgment. MRCP 60(b)(6).
The motion to allow counsel to withdraw was originally noticed for October 22, 1987. There is no indication from the pleadings or orders in the record that the motion was heard on the day in question. The motion to withdraw appears to have been presented and signed on the same day that the cause was tried, October 26, 1987. Although the initial appearance of Johnson in the lawsuit was by and through counsel, as of the date of the order allowing Wade to withdraw, Johnson was without counsel. No orders, letters, or other notices appear in the record setting the trial or motion or other hearing date in this cause. There was no determination by the trial court that the plaintiff knew to be present for trial. There is no record indication that the trial court safeguarded the rights of Johnson concerning notice as to the trial date.
In determining whether the Chancellor below abused his discretion in refusing to set aside the judgment pursuant to MRCP 60(b)(6), we consider the heretofore articulated standard found in H & W Transfer and Cartage Service, Inc. v. Griffin, 511 So.2d 895 (Miss. 1987). The occurrence in H & W Transfer, supra, is sufficiently analogous to be controlling. The standard was again utilized by the Court in the recent case King v. King, 556 So.2d 716 (Miss. 1990).
Basically, the standard directs the trial court to assess the following in ruling on a motion under MRCP 60(b)(6):
(1) The nature and legitimacy of the defendant's reasons for ... default, i.e., whether the defendant has good cause for default,
(2) whether the defendant in fact has a colorable defense to the merits of the claim, and
(3) the nature and extent of prejudice which may be suffered by the plaintiff if the default is set aside.
The Court in both H & W Transfer and in King v. King refer to the standard as a balancing test. Applying the first part of the test, "whether the defendant has good cause for default," the record is devoid of any notice to Johnson as to the date of the trial. We need test no further. There can be no balance to a test where there is no notice. This Court has said in Edwards v. James, 453 So.2d 684 (Miss. 1984), "Even though the result might be the same ... every ... defendant or respondent has the right to notice in a court proceeding involving him, and to be present, and to introduce evidence at the hearing." Where that valuable right is denied there must follow a reversal.
From the facts and the record presented in this case, this Court cannot determine whether the hearings or some of the matters set were set with any particularity or whether the motions and other matters were heard on the day or days upon which they were originally set, nor can we determine who was present at the hearings. In short, a host of unanswered questions remain, none of which can be answered from the record.
Weston asserts that the settings were made through the Chancery Court Administrator, via local rules promulgated in keeping with MRCP Rule 40. Rule 40 allows the trial courts to provide by local rule for the placing of actions upon the trial calendar. However, the only local rules filed with this Court by the Fifth Chancery Court District, which includes the trial court below, were filed March 21, 1988, and not approved by order of this Court until *469 October 26, 1988. The only method for promulgating local rules appears in MRCP Rule 83, which states:
Any court by action of a majority of the judges thereof may from time to time implement local rules and amendments thereto governing practice not inconsistent with these rules. All local rules shall be filed with the Supreme Court of Mississippi; thereupon, the Supreme Court shall publish and disseminate same to all members of the Mississippi State Bar.
MRCP Rule 83. (Emphasis added). Although Weston's point would normally be well taken, it fails in two respects. First, no approved local rules existed on October 26, 1987, or before, to govern the placing of matters upon the trial calendar. Second, even had a rule existed, its operation in this case would have been an inadequate defense. A local rule promulgated properly pursuant to MRCP Rules 40 and 83 would have given this Court a "paper trail" of orders, clerical entries, letters of confirmation, agreements reduced to writing, or something to indicate that the local rules and the rules of procedure had been followed in the setting of trials, notice and other matters.
Notice, whether of the time and place of a hearing, the contents of a complaint, or of the specific nature of a criminal charge, is the essence of due process. The refusal of the chancellor below to grant the motion pursuant to MRCP 60(b)(6) is an abuse of discretion.
Because of the abuse of discretion by the Chancellor below, the lack of notice to the plaintiff, and the fact that Sylvester should have been a party to the proceeding, we hold that the Chancellor should have granted relief from the judgments or orders rendered against him, pursuant to MRCP 60(b)(6).
Although the cause could be reversed on this ground alone, some notation must be made regarding Sylvester's ability to intervene to protect his interest, pursuant to MRCP Rule 19. In Ladner v. Quality Exploration Co., 505 So.2d 288 (1987), this Court held that an action which concerned the owners of mineral interests in a certain tract of land should have been dismissed for failure to join all of the subsurface owners. Sylvester should be joined as a necessary party because of his ownership interest in the land.[1]

CONCLUSION
The decision of the chancellor below is reversed, with regard to both the Motion to Set Aside Judgment and For Leave to Amend Pleadings to Join Necessary Party, and with regard to the order holding Johnson in contempt. The court below is instructed to join Sylvester as a necessary party under MRCP Rule 19.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
NOTES
[1] We further note that Sylvester could have been joined or substituted pursuant to MRCP 25(c), because of the transfer of interest in realty from Johnson to Sylvester. However, such was not the relief sought by Sylvester and Johnson, for whatever reason. Since the joinder was sought pursuant to MRCP 19, Sylvester will be joined as a party pursuant to his wishes and Rule 19.