641 So.2d 1158 (1994)
Mary Edna Harrison KING
v.
Dr. Marion L. SIGREST and Sarastelle J. Sigrest.
No. 91-CA-00702.
Supreme Court of Mississippi.
August 4, 1994.
*1159 Stella Terrell, Yazoo City, for appellant.
Frank T. Moore, Jr., Peter L. Doran, Wells Moore Simmons & Neeld, Jackson, for appellees.
Before PRATHER, P.J. and BANKS and SMITH, JJ.
BANKS, Justice, for the court:
In this appeal we are called upon to decide whether the chancellor erred in granting a default judgment against King in favor of the Sigrests and whether the chancellor abused his discretion in denying King's subsequent motion to vacate the default judgment and a further motion to reconsider the chancellor's denial and to consider recusal. This case involves a lawyer, who presented some difficult behavior, and a judge, who apparently had come to the end of his rope with her.[1] It also involves an application for default on what was almost literally the 31st day and a tragedy of error that followed. The plaintiff/appellee failed to dot an "i" in an "i" dotting contest in which they were clearly ahead. Unfortunately, the sole "i" missed was a disqualifying one. We reverse because they failed to give notice of the hearing for default judgment under our rules.

I
On November 20, 1990, a boundary dispute between Mary King and Dr. Marion Sigrest and Sarastelle Sigrest precipitated an action by the Sigrests to remove a cloud on title to certain real property located in Yazoo County, Mississippi.
According to their complaint, the Sigrests first became aware that their title to this property was being challenged in the late summer of 1990, when Dr. Sigrest began to clear the land along an old fence line and surveyor's boundary for the purpose of erecting a new fence. Prior to proceeding with the construction, the Sigrests employed William Creel to re-mark on the ground the northern boundary of the property based upon his prior survey.
The present dispute between the parties allegedly arose when King accused Dr. Sigrest of trespass and forced a fence crew to halt construction under threat of liability for trespass. There was an exchange of letters between the lawyers for the combatants in which the Kings claimed adverse possession. The Sigrests' complaint to remove a cloud on their title followed five days later.
The following chronology of the course of the proceedings below should be helpful.

1. November 20, 1990. Sigrests file "Complaint."
On November 20, 1990, the Sigrests filed the present action seeking a preliminary injunction and also to remove a cloud on their title. Personal service was perfected on King on November 28, 1990, when the Sheriff *1160 delivered to King a copy of the summons and complaint which stated, in part, that "[y]our response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you... ." An answer from King was due by Friday, December 28, 1990. King freely admits in her brief at p. 1 that she "did not respond to the complaint within thirty days."

2. January 3, 1991. Sigrests file "Request for Entry of Default and Judgment."
When no answer or any other responsive pleading was filed within the thirty (30) day time frame allotted under Rule 12(a), Miss. R.Civ.P., the Sigrests, on January 2, 1991, the first day that the courthouse was open after the weekend and holidays following December 28, forwarded a request for entry of default. The Chancery Clerk of Yazoo County signed and filed an entry of default on January 3, 1991.

3. January 8, 1991. King serves upon counsel opposite "Motion For Order Setting Aside Default and for Additional Time to File Answer and Other Proceedings."
On January 8, 1991, following the clerk's entry of default, but prior to the entry of a Final Judgment of Default, Stella Terrell, who had been retained by King on or about November 15, 1990, served Peter Doran, counsel for the Sigrests, with a motion to set aside the clerk's entry of default and for an extension of time. Although a copy of this motion was served on the Sigrests' attorney, the motion, for reasons unexplained, was not filed with the clerk of the chancery court until January 28, 1991.

4. January 18, 1991. The Sigrests file "Motion for Default Judgment."
On January 18, 1991, approximately ten (10) days after Ms. Terrell hand-delivered to the law office of Mr. Doran the motion to set aside the default judgment and request for additional time to file an answer, counsel for the Sigrests, noting that no papers had been filed with the clerk, filed a motion for default judgment. According to the Certificate of Service, a copy of the motion was mailed, postage prepaid, on January 15, 1991, to Ms. Terrell at her law office in Yazoo City. This motion specifically noted the appearance of King through Ms. Terrell on January 8, 1991. It also noted that no answer or any other responsive pleading had been filed on behalf of King as of the date of the motion, January 15, 1991. The motion was not, however, accompanied by a notice of hearing.

5. January 25, 1991. The chancellor enters a "Judgment By Default."
Between January 15, 1991, and the entry of the default judgment on January 25, 1991, no opposition to the Sigrests' motion for default judgment was filed on behalf of King. No answer or any other responsive pleading was filed to prevent the entry of a default judgment. Without notice of a hearing a default judgment was entered on January 25, 1991, by the chancellor in favor of the Sigrests.

6. January 28, 1991. King files with Chancery Clerk "Motion For Order Setting Aside Default and For Additional Time to File Answer and Other Proceedings."
On January 28, 1991, King moved for an order setting aside the default and for additional time to file an Answer. A Notice of Motion signed by Ms. Terrell on January 8, 1991, and eventually filed on January 28, 1991, stated that King would call up the motion "as soon as counsel can be heard before the Honorable E.G. Cortright, Chancellor ..."
In this pleading, Ms. Terrell stated that the delay was occasioned by (1) the inability to secure the services of a land surveyor prior to the time the answer was due, and (2) the terminal illness of her father, who died on January 6, 1991. The "Certificate" submitted with this motion reflects the motion was hand-delivered to Mr. Doran at his law office in Jackson on Tuesday, January 8, 1991.

*1161 7. February 14, 1991. King files and delivers "Motion to Vacate Default Judgment."

On February 14, 1991, twenty (20) days after the entry of the default judgment, King filed a motion to vacate the default judgment. The "Certificate" attached to this motion reflects that a copy of the motion to vacate was personally delivered the same day to Mr. Doran's office. This motion was accompanied by a notice to Doran that the matter would be called up for hearing on February 22, 1991.
In this motion to vacate, King claimed that good cause existed for vacation of the judgment under Rule 60(b)(1) and (6), Miss. R.Civ.P. King claimed that an agreement had been obtained from Creel, the land surveyor, to survey and make an appropriate legal description of the disputed property, that King could not file an Answer without this description, that such delays were common, and that King should not be penalized for the delay.

8. February 28, 1991. Hearing on King's "Motion to Vacate Default Judgment."
Following an abbreviated hearing conducted on February 28, 1991, the chancellor issued an order and opinion denying King's motion to vacate default judgment.

9. March 26, 1991. King files "Motion to Reconsider Order Overruling Motion to Set Aside Default Judgment and to Consider Recusal."
On March 26, 1991, King filed a lengthy motion to reconsider together with a request for Chancellor Cortright to consider recusal.

10. April 10, 1991. Chancellor enters order permitting another chancellor to consider the case.
At this juncture, the chancellor, on April 10, 1991, entered an order declaring that King's motion to reconsider would be assigned to another chancellor provided King prepaid within ten (10) days of the order the costs of the transcript of the hearing conducted on February 28, 1992, on her motion to set aside default judgment. A copy of this order was mailed to Ms. Terrell, postage prepaid, on April 10, 1991.

11. May 1, 1991. Chancellor enters order overruling motion to set aside default judgment.
More than twenty (20) days after the chancellor entered his order requiring prepayment of the $30 costs, as a condition precedent for reconsideration by another chancellor, King had not prepaid the costs of the transcript. Rather, Ms. Terrell mailed a letter and a check to the court reporter after the time for prepayment had already expired. On May 1, 1991, Chancellor Cortright entered an order denying King's motion to reconsider the prior order of the court overruling King's motion to set aside default judgment.
This appeal followed. Of the issues raised, the single dispositive one is whether the chancellor erred in failing to set aside the default judgment entered without notice of a hearing.

II
"A default judgment is one entered without regard to the merits of the plaintiff's claim." Unknown Heirs At Law v. Blair, 601 So.2d 848, 851 (Miss. 1992). "As a general rule, the failure of a party to answer a complaint opens the party to default judgment." Rawson v. Buta, 609 So.2d 426, 430 (Miss. 1992), citing Miss.R.Civ.P. 55(a). "Default judgments are not favored, and trial judges have traditionally been lenient when it comes to relieving a party of the burden of a default judgment." Bell v. City of Bay St. Louis, 467 So.2d 657, 661 (Miss. 1985).
The Sigrests point out, and correctly so, that "an application for vacation of ... a [default] judgment is addressed to the sound discretion of the trial court." Guaranty National Insurance Company v. Pittman, 501 So.2d 377, 388 (Miss. 1987), citing Bryant, Inc. v. Walters, 493 So.2d 933, 936-37 (Miss. 1986). Such "discretion must be exercised in accordance with the provisions of Rules 55(c) and 60(b), as well as, the supplementary criteria given validity in the decisions of this Court. So measured, the trial court's exercise *1162 of its discretion may be disturbed only where it has been abused." Id.
While the granting or denying of a motion for default judgment has been regarded as committed to the sound discretion of the trial court,
[t]his has never meant that the trial judge could do anything he or she wished. Sound discretion imports a decision by reference to legally valid standards [and] [w]here a trial judge in determining a matter committed to his sound discretion makes his decision by reference to an erroneous view of the law, this Court has authority to take appropriate corrective action on appeal.
Bell v. City of Bay St. Louis, 467 So.2d at 661.
Miss.R.Civ.P. Rule 55(c) provides the procedural vehicle whereby a default entered by the clerk may, "for good cause shown", be set aside by the court. In the event that a default judgment has been entered, the moving party must make a showing sufficient to vacate the judgment under Miss.R.Civ.P. 60(b).
Rule 55(a), Miss.R.Civ.P. provides that the clerk shall enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend by these rules and that fact is made to appear by affidavit or otherwise."
Rule 55(b) allows the party entitled to judgment by default to apply to the court therefor. It provides, however, that where a person against whom default is sought has "appeared," that party shall be served with notice of the application at least three days prior to "the hearing of such application." This rule "clearly contemplates that a hearing will be held" and that the party against whom default is sought be notified of the hearing. See Connecticut Nat. Mort. Co. v. Brandstatter, 897 F.2d 883 (7th Cir.1990). Fortifying this view is our Rule 78, prescribing motion practice, which, unlike its federal counterpart, indicates that only motions not seeking final judgment should by rule or order be disposed of without oral hearing. Miss.R.Civ.Pro. 78.
The record shows the deterioration between the court and counsel as beginning when Terrell pressed a point concerning what Doran told her as to notice of the default judgment proceedings. She contended that he was to notify her when the application would be presented. He thought, and the judge concluded, that his verbal commitment was fulfilled when he served her with a copy of the motion. The fact is, however, that the rule contemplates that when a party has made an appearance, notice three days in advance of "a hearing" is required. For these purposes, an appearance, is an act conveying an intent to defend and service of the motion on January 8 was sufficient. Dynasteel Corporation v. Aztec Industries, Inc., 611 So.2d 977 (Miss. 1992).
It plainly follows, that King was entitled to notice and a hearing. Chassaniol v. Bank of Kilmichael, 626 So.2d 127 (Miss. 1993). Here no hearing was had. It follows that King was entitled to have the default judgment set aside for the failure of a hearing.
This is important because there is a more liberal standard for setting aside a default than the standard for setting aside a default judgment. See 10 Wright and Miller, Sec. 2694. (Ref. to 60(b) standards for setting aside of entry of default is common, but they are more liberally construed here than when dealing with a judgment). Where as here, the delay was slight (even negligible) a court should liberally set aside a default and allow an answer.
Our ground rules for setting aside default and default judgment are succinctly summarized in Williams v. Kilgore, 618 So.2d 51, 55 (Miss. 1992), where we said:
In determining whether the trial court has abused its discretion, we consider three factors: "whether the defendant has good cause for default ... whether the defendant in fact has a colorable defense to the merits of the claim, and ... the nature and extent of prejudice which may be suffered by the plaintiff if the default is set aside." Johnson v. Weston Lumber & Building Supply Co., 566 So.2d 466, 468 (Miss. 1990); King v. King, 556 So.2d 716 (Miss. 1990); *1163 H & W Transfer and Cartage Service, Inc. v. Griffin, 511 So.2d 895 (Miss. 1987).
Surely, if the lawyer's father was terminally ill during and died shortly after the usually hectic holiday season, a slight delay in filing an answer would ordinarily be excused. Default was sought on the first day that the courthouse was open after the answer was due, plaintiffs' lawyer refused informal relief, and then failed to notice application for judgment for a hearing after it was clear that defendant had "appeared" for purposes of Rule 55(b). King's defense had been set forth in a letter to the Sigrests' lawyer five days before the suit was filed. King would either be able to establish adverse possession or she would not.
We are not impressed by the prejudice suffered by the Sigrests. If the default had been set aside and a prompt answer required, the delay would have been 30 days at best. The land is not going away and the contestants had been neighbors for years.

III
For the forgoing reasons we reverse the judgment and remand this matter to the chancery court for further proceedings. We need not address the remaining issue, but we do pause to note that the chancellor appears to have handled the recusal issue properly and that because of intervening events this is not likely to be an issue on remand.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ. and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
NOTES
[1] The lawyer, Stella Terrell, has since been suspended from the practice of law in an unrelated matter. Terrell v. The Mississippi Bar, 635 So.2d 1377 (Miss. 1994) (not yet reported).