LEE, J.,
for the Court:
¶ 1. On October 4,1997, the Smith County Circuit Court denied Cooper Duck-worth’s motion to set aside a default judgment previously entered against him. He appeals asserting two assignments of error: 1) the trial court erred in setting aside an answer filed by his first attorney; 2) the trial court abused its discretion in denying his motion to set aside the default judgment.
PROCEEDINGS BELOW
¶2. On October 5, 1995, Garnet Strite, d/b/a/ Strite Mines (Strite), filed a complaint on open account which involved the sale of a quantity of dirt. Duckworth was served a copy of the complaint on October 28, 1995. Duckworth retained George Runnels to represent him, and Runnels filed a timely answer to Strite’s complaint. In March of 1996, Strite served a set of interrogatories upon Runnels, and Runnels stated that he requested that Duckworth come to his office so answers could be prepared. However, communications between Runnels and Duckworth failed, and the interrogatories were not answered.
¶ 3. On July 22, 1996, Strite filed a motion to compel discovery. Meanwhile, Runnels was still unable to contact Duck-worth, so he moved to withdraw. Runnels stated that he sent a package by certified mail to Duckworth containing copies of his motion to withdraw and Strite’s unanswered interrogatories. On August 5, 1996, the trial court entered an order granting the motion to withdraw as counsel.
¶ 4. On August 9, 1996 the trial court entered an order compelling response to discovery within thirty days, and the Circuit Clerk of Smith County mailed a copy of this order to Duckworth. Duckworth did not respond. Consequently, on September 26, 1996, Strite moved for sanctions, and on October 4, 1996, filed an amended motion for sanctions, a copy of which was sent by certified mail to Duck-worth. On October 25, 1996, Strite filed an application for default, a motion for default judgment, and a motion for writ of inquiry. On October 28, 1996, the trial court set aside Duckworth’s answer to complaint on open account, and initially set a date for hearing Strite’s motion for default judgment.
¶ 5. On three separate occasions, Strite sent by certified mail to Duckworth copies of these pleadings concerning the motion for default judgment as well as notices of hearing. The last of these was mailed on November 6, 1996, to Duckworth, and it advised him a hearing had finally been set for November 13, 1996. However, prior to November 6, 1996, and unbeknownst to Strite, Duckworth retained a second attorney, Wendell James. James immediately realized that Duckworth was in peril because his answer had been struck, so he drafted a second answer, styled defenses and answer to complaint on open account, and he sent a copy of it via facsimile to Strite’s attorney on November 7, 1996, and he filed it with the trial court on November 12, 1996.[1] Nevertheless, James appar *796 ently was unaware of the pending hearing upon the default judgment because neither his own client who had been noticed three times nor Strite’s attorney told him of it.
¶ 6. On November 13, 1996, trial court took up the motion, although neither Strife nor James appeared, and the trial court entered a default judgment for $82,728.64 in damages and $3,000 in attorney’s fees. These fees were assessed through. Miss. Code Ann. § 11-53-81 (Supp.1997), which authorizes fee awards in suits upon open accounts and were not assessed pursuant to any discovery violation.
¶ 7. Subsequently, Duckworth moved that the default judgment be set aside. On October 4, 1997, the trial court heard testimony concerning Duckworth’s failure to answer interrogatories and argument why the default judgment should be set aside. Following the hearing the trial court denied the motion to set aside the default judgment, and Duckworth initiated the present appeal taken.
ANALYSIS
STRIKING THE ANSWER
¶ 8. Mississippi Rule of Civil Procedure 37(b)(2)(C) authorizes courts to strike pleadings and/or render default judgments to sanction a party’s willful disregard of discovery orders. See White v. White, 509 So.2d 205, 207-08 (Miss.1987).[2] Duck-worth was advised by his own attorney, both verbally and through certified mail, as well as the circuit clerk’s mailed copy of the order compelling response to discovery, that discovery had to be complied with, yet he took no action. During a hearing held upon his motion to set aside the default judgment, Duckworth admitted that after he retained Runnels, he made no further contact with him even though he was aware of the pending action. This willful neglect supports the trial court’s decision to set aside his answer.
¶ 9. Additionally, Duckworth asserts the trial court erred in failing to notice the second answer that James filed the day before the hearing upon Strite’s motion for default judgment. This assertion is without merit. M.R.C.P. 12(a) requires an answer be served within thirty days of service of the summons and complaint, and while a trial court may enlarge time frames, a party must first move for leave of court. See M.R.C.P. 6(b). Duck-worth failed to seek the trial court’s permission to file his second answer. Moreover, if a party whose pleading had been struck as a sanction could simply re-file the pleading, the sanction would be meaningless. Rather, striking a pleading as a sanction is an “ultimate” sanction that effectively prevents a party from asserting matters in the pleading. White, 509 So.2d at 208. Instead of attempting to simply re-plead a stricken pleading, a party whose pleading has been struck should attempt to remedy his violation of the order that led to the sanction and then apply to the court for relief from the sanction. Id. Therefore, James’s attempt to re-file an answer on November 12, 1996 without leave of court had no effect.
DENIAL OF DUCKWORTH’S MOTION TO SET ASIDE THE DEFAULT JUDGMENT
¶ 10. In this assignment of error, Duck-worth joins two separate assertions: 1) the notice of the hearing upon Strite’s motion for default judgment failed to comply with M.R.C.P. 5(b), and 2) the trial court abused its discretion in denying his motion to set aside the default judgment.
NOTICE UNDER M.R.C.P. 5(b)
¶ 11. Duckworth contends that Strite failed to comply with the notice re *797 quirements of M.R.C.P. 5(b) because it mailed the notice of the November 13, 1996 hearing upon Strife’s motion for default judgment to him rather than his attorney. M.R.C.P. 5(b) provides:
Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service is upon party himself is ordered by the court.
According to Duckworth’s own statement of the facts in his brief, Strife did know that Duckworth’s first counsel of record had withdrawn but could not have known that Duckworth had retained James to represent him until after Strife had mailed the notice of the hearing directly to him. In discussing the federal counterpart to this rule of civil procedure, Wright and Miller’s treatise states:
There are two basic exceptions to the rule that papers be served on the attorney. Under the first, service on a party is valid — indeed it is obligatory — if a party does not have an attorney or if the attorney has ceased to represent the party (citations omitted).
4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1145 (1987).[3]
¶ 12. Strife correctly mailed the notice directly to Duckworth because at the time Duckworth was not represented by counsel. As such, there is no merit to this asserted error.
THE MOTION TO SET ASIDE THE DEFAULT JUDGMENT
¶ 13. Motions to set aside default judgments are addressed to a trial court’s discretion and are subject to a three part balancing test:
In determining whether the trial court has abused its discretion, we consider three factors: “whether the defendant has good cause for default ... whether the defendant in fact has a colorable defense to the merits of the claim, and ... the nature and extent of prejudice which may be suffered by the plaintiff if the default is set aside.”
King v. Sigrest, 641 So.2d 1158, 1162 (Miss.1994) (quoting Johnson v. Weston Lumber & Building Supply Co., 566 So.2d 466, 468 (Miss.1990)).[4]
¶ 14. At the April 4, 1997 hearing upon whether to set aside the default judgment, Duckworth testified that Runnels never told him to come into his office to prepare answers to the interrogatories, and he did not recall receiving any mail from Runnels stating he had withdrawn. On cross-examination, however, he admitted that he had received three separate notices of three certified mailings from Strife’s attorney, but that he refused to pick them up because:
I didn’t employ you, and if you would prosecute me, I said, I don’t have nothing for it, I ain’t — I didn’t — if he needs something, send it to Mr. George Runnels or either something else. I said it wasn’t nothing to me. I didn’t hire you. I didn’t have you employed, and I don’t receive mail if I don’t know somebody that’s — what I mean — the sheriff or somebody prosecutes me, I’m not going to receive it from him.
Strife’s attorney additionally asked Duck-worth, “[ajfter you went to see George Runnels then the first time to hire him, when did you go back, or when did you call George Runnels about the case.” Duck-worth answered, “I never did. He said he would get in contact with me.” Duck-worth’s testimony shows that he received notice of the hearing upon Strife’s motion for default judgment, yet he simply chose *798 not to respond or contact his attorney. As such, Duckworth did not have good cause for default.
¶ 15. Concerning whether Duck-worth had a colorable defense, the record and briefs are simply devoid of any assertion of facts upon which Duckworth planned to defend this action. In his brief, Duckworth simply cites King v. Sigrest, 641 So.2d 1158 (Miss.1994). That case, however, is not pertinent to this case because there no notice of a hearing upon the application for default took place, and as such no proper judgment had issued. Id. at 1162. Rather, Duckworth had a burden to assert specific facts. See H &W Transfer and Cartage Service, Inc. v. Griffin, 511 So.2d 895, 898 (Miss.1987) (stating “[w]here a defendant is to avail himself of this fact and to gain mileage therefrom, he must set forth in affidavit form the nature and substance of the defense.”). Moreover, even if a party does assert a color-able defense, this factor alone may not be enough to set aside a default judgment. Guaranty National Ins. Co., v. Pittman, 501 So.2d 377, 388 (Miss.1987).
¶ 16. Concerning whether a plaintiff suffered prejudice if the default judgment were set aside, a passage of time is a key feature. Guaranty National Ins. Co., v. Pittman, 501 So.2d at 388 (Miss.1987). In that case, the supreme court has found that a one year delay is sufficient to find prejudice, even where a defendant had col-orable defense. Id. In this case, Strite sought discovery in March of 1996 but still was awaiting any response in ■ April of 1997. While Duckworth asserts he could have been in court to try the case on the merits in April of 1997, it does not appear Strite could have done so unless he was willing to forego discovery.
¶ 17. Default judgments are not favored. Chassaniol v. Kilmichael, 626 So.2d 127, 134 (Miss.1993). White v. White, 509 So.2d 205, 208 (Miss.1987). Nevertheless, as the supreme court stated in Guaranty National Insurance Co. v. Pittman, “[a] consideration of the criteria of those rules together boils down almost to a balancing of the equities — in whose favor do they preponderate, the plaintiff or the defendant?” Guaranty National Insurance, 501 So.2d at 388. In this case, looking at all the facts and actions of the parties, the trial court did not abuse its discretion in denying Duckworth’s motion to set aside the default judgment.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF SMITH COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, PAYNE, AND THOMAS, JJ., CONCUR.
IRVING, J., NOT PARTICIPATING.

. As disclosed by the record and briefs, this facsimile of November 7, 1996 is the only communication between James and Strite's attomey, Thomas L. Tullos, that occurred before the default judgment was rendered.

. See also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 705, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); Emerick v. Fenick, 539 F.2d 1379, 1380 (5th Cir.1976); Karenina By Vronsky v. Presley, 526 So.2d 518, 525 (Miss. 1988).

. See also New York Life Insurance Co., v. Brown, 84 F.3d 137, 142 (5th Cir.1996).

. See also King v. King, 556 So.2d 716, 719 (Miss.1990); H & W Transfer and Cartage Service, Inc. v. Griffin, 511 So.2d 895, 899 (Miss.1987).