IRVING, J.,
for the Court.
¶ 1. Owen Brown appeals from a judgment of the Chancery Court of Lowndes *788 County dismissing his Rule 60(b) motion to set aside the judgment of divorce rendered upon a complaint filed by his wife, Kay Brown. In his appeal, he asserts a single issue: whether the chancellor abused her discretion in failing to set aside the judgment of divorce against him since he had personally appeared in court on temporary matters and subsequently received no notice of the trial on the merits. .
¶ 2. Ascertaining reversible error, we reverse and remand.
FACTS
¶ 3. On October 22, 2001, Kay Brown filed in the Chancery Court of Lowndes County a complaint for divorce seeking a divorce on grounds of adultery, or alternatively, irreconcilable differences. Kay also sought temporary relief pending the hearing on the divorce. Owen was served with a Rule 4 summons on November 6, 2001. On the same date, he was also served with a Rule 81 summons directing him to attend a hearing on November 26, 2001, regarding the temporary relief sought.
¶ 4. At the November 26 hearing, Kay and her counsel appeared before the chancellor, as did Owen, who was being represented pro se. The chancellor, through an executed agreed order, continued the hearing to November 30, 2001, to allow the parties to file affidavits and financial statements on the temporary matters. Owen failed to file his affidavit and financial statement by the November 30 deadline and failed to answer the complaint.
¶ 5. On January 14, 2002, a hearing was held on the complaint for divorce, but Owen was not present. At trial, Kay testified regarding the existence of an adulterous relationship between Owen and another women. A witness corroborated Kay’s testimony. Consequently, the chancellor granted the divorce on the grounds of adultery and also awarded other relief.
¶ 6. Owen subsequently filed a motion to set aside the judgment of divorce, and the chancellor summarily denied same. This appeal followed.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. The scope of review in domestic matters is limited, and this Court will not disturb the findings of a chancellor unless those findings are clearly erroneous or an erroneous legal standard was applied. Lindsey v. Lindsey, 818 So.2d 1191, 1192(¶ 4) (Miss.2002).
¶ 8. Mississippi divorce actions are governed by the divorce and alimony provisions of Title 93, Chapter 5 of the Mississippi Code of 1972 as amended and revised. See Miss.Code Ann. §§ 93-5-1 to -33 (Rev.1994). The procedural provisions of this chapter limit the applicability of the Mississippi Rules of Civil Procedure, which govern only where the divorce statutes stand silent. M.R.C.P. 81(a)(9).
¶ 9. Owen argues that he was entitled to notice of the January 14, 2002 divorce proceeding. Because he did not receive notice of the proceeding, he concludes that the chancellor erred when she subsequently denied his motion to set aside the judgment of divorce. Kay argues that Owen never manifested a clear intent to contest the divorce action. In support of her position, she specifically points out Owen’s failure to file the court-requested affidavit and an answer to the complaint.
¶ 10. Both parties have addressed this issue through an analysis of default judgments pursuant to Rule 55(a), (b), and (c) of the Mississippi Rules of Civil Procedure. However, we find that the procedural arguments of both parties are *789 off-track. A default judgment is one entered without regard to the merits of the plaintiffs claim, and as a general rule, the failure of a party to answer a complaint opens the party to a default judgment. King v. Sigrest, 641 So.2d 1158, 1161 (Miss.1994). Our law is clear that default judgments are not permitted in divorce cases. Rawson v. Buta, 609 So.2d 426, 431 (Miss.1992). However, our supreme court has explained that a “special kind of default judgment” may be given in uncontested actions for divorce so long as the proceeding is heard in open court and “the claimant establishes his claim or right to relief by evidence.” Mayoza v. Mayoza, 526 So.2d 547, 548 (Miss.1988); see also Miss.Code Ann. § 93-5-17 (Rev.1994); M.R.C.P. 55(e). Our supreme court further elaborated that “[bjecause of the special nature of a divorce proceeding, a defendant is not barred from defending the action upon failure to answer the complaint.” Id. at 432.
¶ 11. Although Owen did not file an answer in case sub judice, his failure to do so is not solely determinative of whether the chancellor erred in failing to grant his motion to set aside the judgment of divorce. The question, therefore, becomes whether Owen’s appearance at the November 26, 2001 hearing on temporary matters was sufficient to demonstrate his intent to defend in the divorce action. We find that it was. Therefore, since Owen had appeared in the case, and a date for the hearing on the merits of the divorce complaint had not been set when he appeared, he was entitled to notice of the date of the subsequent trial setting.
¶ 12. The chancellor summarily denied Owen’s motion to set aside the judgment of divorce despite his assertions that he received no notice of the hearing on the merits. None of the statutory divorce provisions speak to the precise fact situation which we have before us. Therefore, we find that Rule 40(b) of the Mississippi Rules of Civil Procedure has some limited applicability here. This rule provides in pertinent part as follows:
The court shall provide by written direction to the clerk when a trial docket will be set.... The clerk shall within three (3) days after a case has been placed on the trial docket notify all parties who were not present personally or by their attorney of record at the docket setting as to their trial setting. Notice shall be by personal delivery or by mailing of a notice within said three (3) day period. Matters in which a defendant is summoned to appear and defend at a time and place certain pursuant to Rule 81 or in which a date, time and place for trial have been previously set shall not be governed by this rule.
M.R.C.P. 40. The comment to the rule states that the rule “establishes an orderly but flexible method of scheduling cases for trial, while assuring that the parties receive appropriate notice at important stages of the process.” M.R.C.P. 40 cmt.
¶ 13. Although we find that Rule 40(b) has some limited applicability, we want to be clear that we refer only to the provision requiring that notice be given after a case has been placed on the trial docket or set for trial. We are in no way suggesting, intimating or holding that the date of a divorce trial must be set on the trial docket at least twenty days prior to trial. We are fully aware that in many instances, if not most, complaints for divorce may be set for trial outside of the normal docket setting of the civil trial docket because a divorce case may not be “set down on the issue docket unless upon the request of one of the parties.” Miss.Code Ann. § 93-5-7 (Rev.1994). We simply hold that once a party has appeared in a temporary phase of the divorce proceeding, he is entitled to *790 notice of the subsequent hearing on the underlying divorce proceeding unless, during the temporary proceeding, he was so notified.
¶ 14. It is clear that the judgment of divorce, which was entered on February 27, 2002, relates back to a trial on the merits that was held on January 14, 2002. However, neither Kay nor the record explains how, and under what circumstances, this January 14, 2002 trial date was set. The docket index does not reflect an order setting the trial on the merits. In fact, Kay does not contest that Owen did not receive notice of the January 14, 2002 hearing. She argues only that he never manifested a clear intent to contest the divorce action. We reject this argument as not being supported by the facts here.
¶ 15. We, therefore, find that the refusal of the chancellor to grant the motion to set aside the judgment pursuant to Mississippi Rules of Civil Procedure 60(b)(6) was an abuse of discretion. This Court remands this case to the chancery court for a new hearing on the merits whereby Owen is given sufficient notice of the proceeding.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.