GRIFFIS, P.J.,
dissenting:
¶ 44. I respectfully dissent.
¶ 45. Judge Russell’s concurring opinion appears to help the chancellor with his decision on remand. If indeed the judgment is void, there is no reason for this Court to review any error in the “void” judgment. This Court should not issue advisory opinions. See Hughes v. Hosemann, 68 So.3d 1260, 1263 (¶ 7) (Miss.2011).
¶ 46. The real issue here is notice or due process. The majority reverses the chancellor and finds that the judgment was void. I disagree.
¶ 47. The chancery court had personal jurisdiction over Michael Turner. In 2005, Jane Turner filed a complaint, and Michael filed an answer and counterclaim. Michael did not raise insufficiency of process or service of process as a defense. Personal jurisdiction was established, and Michael was properly before the chancery court under Rule 4 of the Mississippi Rules of Civil Procedure. Jak Smith was Michael’s attorney.
¶ 48. The trial was set for hearing on November 12, 2009. Notice of the November 12th hearing was sufficient under Rule 5 of the Mississippi Rules of Civil Procedure. If the hearing had been held, as scheduled, there is no doubt that any judgment rendered that day would have been a valid and enforceable final decree.
¶ 49. This appeal is based on what happened the morning of November 12th. Michael testified that he was present at the courthouse, sitting in the back of the courtroom. Smith and Jane’s counsel appeared before the chancellor. Smith made an oral motion to withdraw as Michael’s counsel. The chancellor granted the motion and entered this order:
Came on for hearing, this the 12th day of November, 2009, on Plaintiffs Complaint for Divorce and Defendant’s Counter-Complaint, and the Defendant’s counsel having made an ore terms Motion to Withdraw as Counsel of Record, and the Court having considered the Motion, does hereby Find and Order as follows:
1. Over the objection of Plaintiff, the Hon. Jak M. Smith, counsel for Defendant, is hereby allowed to withdraw as counsel of record for Michael Turner. The Court finds that counsel has demonstrated good cause for his withdrawal and no undue prejudice to Defendant will result. Defendant shall have ten (10) days from the date of this Order to secure new counsel. [The language in italics handwritten by the chancellor.]
2. Further, this matter is hereby reset for trial on the merits on the December 8th, 2009[,] at 9:30 a.m. at the Prentiss County Chancery Building located in Booneville, MS. No further-continuanaes-shall be granted in this-cause. [This language was struck through by the chancellor and initialed.]
3. Further, the Court hereby releases Robbie Byers, the Guardian ad litem for the minor child from her capacities and duties in this cause.
So ORDERED, ADJUDGED, and DECREED this the 12th day of November, 2009.
/s/ Talmage D. Littlejohn
Chancellor
*586 Agreed as to form:
/s/ Jak M. Smith
Jak M. Smith, counsel for Defendant
/s/ Jonathan W. Martin
Jonathan W. Martin, counsel for Plaintiff
¶ 50. The majority does not find that Rule 5(b) required the chancellor to serve Michael with notice of the order. On this, the majority is correct. Chancellors do not and should not be obligated or responsible for the service of notice.
¶ 51. However, the majority finds that Jane had to serve Michael with notice of the order. The majority finds that “Smith no longer had authority to receive Rule 5(b) service on Michael’s behalf,” and that “Jane’s counsel did not fulfill that obligation by handing Smith, who had just been permitted to withdraw, a copy of the order.” To support this conclusion, the majority cites McClain v. White, 738 So.2d 806 (Miss.Ct.App.1999). McClain is not applicable here.
¶ 52. In McClain, Donald McClain, through his attorney Russell Reed, filed a complaint, on November 18, 1993, for alienation of affection against John White. Id. at 307 (¶ 4). White, through his attorney William Parlin, answered and filed a counterclaim. Id. In 1996, White filed a motion for trial setting and sent a copy to McClain, but not to his attorney. Id. at (¶ 5). The court administrator set the case for trial and sent the notice to McClain and Parlin, but not to Reed. Id. at (¶ 6). On the date set for trial, McClain did not appear. His complaint was dismissed and a judgment was entered for White on the counterclaim. Id. at (¶¶ 7-8). In 1997, McClain filed a motion to set aside the judgment. Id. at (¶ 9). At the hearing, McClain admitted that he had terminated Reed as his lawyer. Id. at 308 (¶ 13). The trial court denied the motion. Id. at 307 (¶ 9). This Court reversed the trial court and set aside the judgment. Id. at 308 (¶ 14). The Court determined that the notice of trial setting had not been sent to McClain’s counsel of record, even though he had been terminated by McClain. Id. The Court reasoned that Rule 5(b) required that McClain’s attorney of record be served with notice. Id.
¶ 53. Here, in my opinion, Jane did not have an obligation or duty to serve Michael with a copy of the November 12th order. The November 12 order clearly indicated that the case was properly set for hearing on that date and both parties were present, represented by counsel. Jane clearly had proper Rule 5 notice for the November 12th hearing. More disturbing is the fact that Jane’s counsel testified that on the morning of November 12th, he copied the order and handed to Smith, while Smith was talking to Michael near the copy machine in the courthouse. Jane’s counsel did not have a further duty to mail or serve Michael with a copy of that order. Michael’s counsel signed the November 12th order “as counsel for” Michael; thus, Jane had the right to rely on the entry of that order to carry forward notice til the trial that was scheduled on December 8th. I conclude that Jane had proper process for the November 12th and December 8th hearings. I cannot find any error by Jane’s counsel in giving additional notice to Michael of the December 8th hearing date.
¶ 54. If both parties appeared before the court (which they did on November 12th), and at the time are represented by counsel (which they were on November 12th), then there is no requirement under Rule 5 or any other rule that either individual party must be served after the court enters an order that is “agreed as to form” (which it was). I simply cannot find any authority that would require anyone other than Michael’s own withdrawing counsel to *587 provide Michael with notice of the December 8th trial setting.
¶ 55. Michael’s lawyer, Smith, did have a duty to provide Michael with notice of his withdrawal and the continuance of the hearing to a date certain. Rule 1.16(d) of the Mississippi Rules of Professional Conduct provides: “Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client’s interest, such as giving reasonable notice to the client, allowing time for employment of other counsel,.... ” The Rules of Professional Conduct[4] clearly provide that the lawyer’s representation of the client does not end or terminate until the lawyer gives the client “reasonable notice.” Smith continued to be Michael’s attorney until he gave his client notice of the withdrawal. Thus, Smith’s withdrawal as counsel for Michael was not effective until he notified Michael of the November 12th order, which continued the hearing until December 8th. Since Smith signed the November 12th order “as counsel for Defendant” Michael, then Smith alone had the duty to notify him of the December 8th hearing date.
¶ 56. The majority disagrees with this conclusion, yet it cites no authority to indicate when the attorney-client relationship between Smith and Michael was terminated. In Barber v. Barber, 608 So.2d 1388, 1340 (Miss.1992), the supreme court considered whether notice was proper under Rule 5(b). There, the court recognized that after the chancellor entered the judgment and her motion for reconsideration, Emma Lou Barber’s attorney “successfully withdrew as counsel” before the appeal was filed. Id. at 1339. The court does not elaborate on what was necessary to withdraw “successfully” as counsel, but it certainly implies that certain steps must be taken to do so.
¶ 57. Here, it is important to determine when Smith “successfully” withdrew as Michael’s counsel. Smith represented Michael at the November 12th hearing. He signed the order as “counsel for Defendant.” Thus, Michael could not “successfully withdraw” as counsel until he notified Michael of the withdrawal. The case was rescheduled and set for hearing prior to Smith’s “successful withdrawal.”
¶ 58. Based on my review of the record, it is clear that a hearing was properly scheduled for November 12, 2009. That day, the chancery court had jurisdiction over the parties and the subject matter. At the hearing, Smith represented Michael. Smith asked the chancellor for permission to withdraw as counsel. The chancellor granted the motion for Smith to withdraw and continued or reset the case for a hearing on December 8, 2009. After *588 the entry of this order, no further action was required of the chancellor or Jane. Indeed, the matter was properly set for December 8, 2009. Smith alone had the duty to advise Michael of the chancellor’s order and the date that the case was rescheduled.
¶ 59. The fact that Smith failed to notify his client of the final hearing is not a sufficient basis for this Court to find the chancellor committed error or that Jane did not have proper process upon Michael. Michael’s failure to appear was not the result of any error by the chancellor; instead, it was due only to his counsel’s omission.
¶ 60. The majority cites several cases. I am of the opinion that these cases do not support the majority’s decision. I also note that most of these cases were not cited in the Michael’s brief.
¶ 61. The majority cites Clark v. Clark, 43 So.3d 496, 501 (¶ 21) (Miss.Ct.App.2010), as its standard of review for the proposition that “if the judgment is void, the trial court has no discretion. The court must set the void judgment aside.” Clark considered a ease where the defendant was not served with proper process. There, the defendant was served with a summons under Rule 81 of the Mississippi Rules of Civil Procedure to initiate a divorce action when he should have been served a summons under Rule 4. Id. at (¶¶ 10-17). This Court determined that the chancellor lacked personal jurisdiction to enter the divorce judgment. Id. at (¶ 17). Clark provides no guidance here. The chancery court acquired personal jurisdiction over Michael because he was properly served under Rule 4.
¶ 62. Along with Clark, the majority cites Morrison v. Mississippi Department of Human Services, 863 So.2d 948 (Miss.2004). Mississippi Department of Human Services filed a contempt action against Morrison. The chancellor found him in contempt of an earlier order that modified his child support obligation. Id. at 949 (¶ 1). Morrison appealed and argued that he had not been properly served with process before the modification order was entered. Id. Morrison claimed that he had not been properly served under Rule 81. Id. at 950 (¶ 7). There was no proof of service in the court record. Id. at (¶ 10). The supreme court found a due-process violation because Morrison did not receive the required notice under Rule 81. Id. at 954 (¶ 21). Morrison provides no guidance here. There is no dispute that the chancery court obtained personal jurisdiction over Michael based on Rule 4 service.
¶ 63. In Duckworth v. Strite, 748 So.2d 794, 795 (¶ 2) (Miss.Ct.App.1999), Strite filed an open account collection action and served the defendant, Cooper Duckworth. Through counsel, Duckworth answered the complaint. Id. Strite filed discovery requests that were not answered and then filed a motion to compel. Duckworth’s attorney was not able to contact him and moved to withdraw. Id. at (¶ 3). On August 5, 1996, the court entered an order that allowed the attorney to withdraw and later entered an order compelling a response to the discovery. Id. When Duck-worth did not respond, Strite filed a motion for sanctions. Strite then filed an application for default, motion for default judgment, and a motion for writ of inquiry. Id. at (¶ 4). The court set aside Duck-worth’s answer and set a hearing for the motion for default on November 13, 1996. Id.
¶ 64. Strite sent the pleadings and notice of hearing to Duckworth three times by certified mail. Id. at (¶5). The last notice was mailed on November 6, 1996. Before November 6th, Duckworth had retained a new attorney, Wendell James. James was concerned with Duckworth’s *589 situation and prepared an answer and faxed it to Strite’s attorney on November 7, 1996, and filed it on November 12th. Id. James was not aware that the motion for default judgment had been set for hearing on November 13th. Id. at 795-96 (¶ 5). On November 13th, the court considered the motion even though Strite and James were not present. Id. at 796 (¶ 6). The court entered a default judgment for over $36,000 against Duckworth. Id.
¶ 65. Duckworth then filed a motion to set aside the default judgment. Id. at (¶7). The trial court denied the motion, and the appeal was deflected to this Court. Id. Chief Judge Lee’s opinion affirmed the trial court’s decision, and his analysis was concise, stating:
Duckworth contends that Strite failed to comply with the notice requirements of M.R.C.P. 5(b) because it mailed the notice of the November 13, 1996 hearing upon Strite’s motion for default judgment to him rather than his attorney. M.R.C.P. 5(b) provides:
Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service is upon party himself is ordered by the court.
According to Duckworth’s own statement of the facts in his brief, Strite did know that Duckworth’s first counsel of record had withdrawn but could not have known that Duckworth had retained James to represent him until after Strite had mailed the notice of the hearing directly to him. In discussing the federal counterpart to this rule of civil procedure, Wright and Miller’s treatise states:
There are two basic exceptions to the rule that papers be served on the attorney. Under the first, service on a party is valid — indeed it is obligatory — if a party does not have an attorney or if the attorney has ceased to represent the party (citations omitted).
4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1145 (1987).
Strite correctly mailed the notice directly to Duckworth because at the time Duckworth was not represented by counsel. As such, there is no merit to this asserted error.
Duckworth, 748 So.2d at 796-97 (¶¶ 11-12) (footnote omitted).
¶ 66. In Duckworth, this Court correctly determined that service was proper because Strite knew Duckworth was not represented by counsel at the time. Id. at (¶ 12). The facts of this case are not similar to Duckworth. If it provides any authority, Duckworth supports my conclusion. Here, the chancellor reset the case for hearing in the November 12th, and Michael was represented by counsel in that order. Smith signed the order as “counsel for Defendant.” Thus, Michael had proper notice that the hearing was set for December 8th. Nothing more was to be done by Jane and certainly not by the chancellor. Smith, though, had remaining duties to Michael. As Michael’s lawyer, Smith clearly had a duty to provide Michael with notice of his withdrawal and the continuance of the hearing to a date certain. See Miss. R. Profl Conduct 1.16(d). Smith’s representation, did not end until he gave Michael “reasonable notice.” Smith’s withdrawal as counsel for Michael was not effective until he notified Michael of the November 12th order, which continued the hearing until December 8th. Duckworth neither contradicts my conclusion nor support’s the majority’s conclusion.
¶ 67. The majority cites Johnson v. Weston Lumber & Bldg. Supply Co., 566 *590 So.2d 466, 467 (Miss.1990), for the proposition that “Smith could not simultaneous[ly] withdraw as Michael’s representative and represent Michael for purposes of notice of the December 8 hearing.” The court in Johnson ruled:
The real gravamen of this appeal occurred in late October of 1987. Johnson and his counsel became embroiled in a dispute regarding attorney fees which resulted in Johnson’s counsel filing a motion to withdraw on October 15, 1987, with a hearing noticed for October 22, 1987. While no record exists of any response by Johnson to the motion of his counsel to withdraw or of a October 22nd hearing on the motion, an order authorizing Johnson’s counsel to withdraw was entered on October 26, 1987. On that same day, without Johnson or a representative of his interests present, the matter was tried. Judgment against Johnson confirming the easement but awarding no monetary damages to Weston was rendered the following day, October 27, 1987. Significantly, no notice setting the matter for trial appears in the record.
Id. I must disagree with the majority’s analysis of Johnson. Here, there was a notice setting the matter for trial while Michael had a lawyer.
¶ 68. The majority cites Fairchild v. General Motors Acceptance Corp., 254 Miss. 261, 179 So.2d 185 (1965), for the proposition that “an attorney who had moved to withdraw his representation could not at the same time exercise authority to act on his client’s behalf on other matters.” In Fairchild, the appellant hired a lawyer to defend an action brought by General Motors Acceptance Corporation (GMAC). Id. at 263, 179 So.2d at 186. The lawyer filed a demurrer and an answer. Id. Marion Fairchild did not pay the lawyer for his services. Id. The lawyer wrote Fairchild a letter that said the case was set for trial the next day, and if you do not pay, GMAC would take a judgment. Id. at 186-87. When the case was called to trial, the lawyer told the court that his fee had not been paid, and he withdrew as Fairchild’s lawyer. Id. at 263, 179 So.2d at 187. The lawyer also “withdrew [the] appellant’s answer which had been filed previously.” Id. Fairchild was not present so a default judgment was taken. Id.
¶ 69. The court considered the duties owed by the lawyer and even cited the Mississippi Rules of Professional Conduct. Id. Consistent with my conclusion that notice to the client is required before an attorney may terminate the relationship, the court held:
in a proper case, with the consent of the court and after fair warning to his client of his intention to do so, he may withdraw and be relieved of his obligation to defend or prosecute the case further. Both reasonable notice to the client and permission of the court are essential. Miss. Rules of Professional Conduct, No. 44(1962)....
But such withdrawal is prospective. It does not erase those steps in the proceedings already taken.
Amended pleadings may be filed ... and are not subject to withdrawal by an attorney.
In the case before the court here, [Fair-childj’s answer was on file and its withdrawal was coincident with the attorney’s withdrawal from the case. If it were conceded that so long as the attorney continued to represent his client he might withdraw his client’s pleadings, such authority would not survive the termination of the relationship. The withdrawal of [Fairchild]’s pleadings without his knowledge or consent, when the case was set for trial and the appel *591 lant was present, had the effect of depriving appellant of a substantial right. The attorney was without the power to withdraw his client’s pleadings under the circumstances in the record, and such attempted withdrawal was [wholly] ineffectual to remove the pleadings from the file.
Id. at 265-66, 179 So.2d at 187.
¶ 70. Based on this language, Smith’s withdrawal was effective in the future, only when he gave notice to the client. Thus, he had the authority to continue the trial setting from November 12th til December 8th. Unlike the lawyer in Fair-child, Smith did not withdraw any pleadings. In fact, the judge set the date by which new counsel must be employed. Smith’s actions before the chancellor on November 12th did not deprive Michael of a substantial right. Instead, his actions after he left the courtroom are what deprived Michael of a substantial right. Such actions were caused entirely by Smith.
¶ 71. The court in Fairchild continued: 49 C.J.S. Judgments, Withdrawal of Appearance § 197 (1947) states:
... However, the withdrawal of the attorney’s appearance after the filing of a plea does not withdraw the plea so as to justify a judgment by default; and, where an attorney abandons his client’s cause without notice, the client should be given a reasonable time to secure other counsel before judgment is taken against him by default.
Since appellant’s answer had been duly filed and had not been stricken by an order of the court, and no ground for striking it appearing in the record, judgment by default should not have been entered against appellant.
Upon learning of the action taken, appellant promptly employed another attorney and during the term duly moved to set aside the default judgment. This motion should have been sustained.
Fairchild, 254 Miss. at 266, 179 So.2d at 186-88 (citations omitted).
¶ 72. Here, unlike in Fairchild, neither the chancellor nor Jane’s attorney were responsible for the failure to give Michael notice of' the December 8th hearing. Thus, in my opinion, the chancellor did not commit reversible error. The chancellor did what was asked of him by Michael’s then legal representative and gave Michael additional time to appear for the hearing, hire counsel, and even left open the opportunity for new counsel to ask for yet another continuance. I cannot find that the chancellor deprived Michael of a substantial right that would require this Court to reverse the chancellor’s decision not to set aside the judgment.
¶ 73. Fairchild would be applicable if Smith had attempted to withdraw and then the chancellor proceeded with the divorce on November 12th. This did not happen. Here, Smith’s only action was to enter the order that continue the trial setting until December 8th, allowed him to withdraw, and gave Michael ten days to get another lawyer. This action was proper to set the case for hearing on December 8th, and Smith had the obligation to inform Michael of the court’s action as well as his withdrawal as counsel. Smith, not the chancellor, deprived his client of a substantial right.
¶ 74. The majority is correct that this appeal would not have been necessary if the chancellor had required Smith to comply with Uniform Chancery Court Rule 1.08. This Rule provides that: “When an attorney makes an appearance for any party in an action, the attorney will not be allowed to withdraw as counsel for the party except upon tvritten motion and after reasonable notice to the client and *592 opposing counsel.” (Emphasis added). Smith’s motion was neither in writing nor did it provide notice to his client. It is important to note that the order clearly states that Jane’s attorney “objected” to Smith’s motion to withdraw as counsel. Yet Smith was able to persuade the chancellor that there was sufficient grounds to allow him to withdraw without the compliance with Rule 1.08. Although the majority finds comfort in this authority, Michael did not rely upon the violation of Rule 1.08 in his argument in his brief. Michael does not claim that the chancellor erred in allowing Smith to withdraw.
¶ 75. With much respect for the majority and concurring opinions, I simply cannot find that the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard. Accepting the majority’s reasoning, this Court now requires chancellors to provide notice to parties even though the rules do not require such. I respectfully dissent.
ISHEE AND CARLTON, JJ., JOIN THIS OPINION.

. The majority cites the Scope of the Mississippi Rules of Professional Conduct to say that they should only be used for "lawyer's self assessment” and "structure for regulating conduct through disciplinary agencies." The Mississippi Rules of Professional Conduct are not simply limited to disciplinary matters. The rules govern the "ethical conduct” of lawyers. If the rules determine what is "ethical conduct” then certainly the rules can be considered to determine what is or is not the proper conduct of lawyers. I recognize that the Scope also states: "Violation of a[r]ule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The [r]ules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability.” The use of the rules here is not for "civil liability” but is for "guidance” to determine when an attorney client relationship ends. Rule 1.16 of the Mississippi Rules of Professional Conduct answers the exact issue before this Court — when does an attorney’s representation terminate. If this Court does not use the Rules of Professional Conduct to determine when representation ends, then these rules are of little value.