KING, J„
for the Court:
¶ 1. Donald McClain filed a complaint against John White alleging alienation of affection of Mr. McClain’s wife. Mr. White filed a counterclaim alleging that Mr. McClain assaulted him during a physical altercation.
¶ 2. Mr. McClain failed to appear on the day set for trial in this matter and his claim was dismissed. Mr. White’s counterclaim was granted and damages were awarded against Mr. McClain in the amount of $71,000. Mr. McClain contends that he did not receive proper notice of the trial setting and therefore, the default judgment should be set aside. On appeal, he assigns the following error:
I. WHETHER THE DEFAULT JUDGMENT ENTERED AGAINST THE PLAINTIFF VIOLATED HIS DUE PROCESS RIGHTS AND SHOULD HAVE BEEN SET ASIDE UNDER M.R.C.P. 60(B) WHERE PLAINTIFF RECEIVED NEITHER ACTUAL NOR CONSTRUCTIVE NOTICE THAT THE MATTER HAD BEEN SET FOR TRIAL.
¶ 3. Finding reversible error, this Court sets aside the default judgment.

FACTS

¶ 4. On November 18, 1993, Donald McClain, represented by Attorney J. Russell Reed, filed a complaint against John White alleging alienation of affection of Mr. McClain’s wife. Mr. White, represented by Attorney William Parlin, answered the complaint and filed a counterclaim alleging assault and battery. On February 3, 1994, Mr. McClain and Attorney Reed filed an answer to the counterclaim.
¶ 5. On April 23, 1996, Mr. White filed a motion for trial setting and served a copy of the motion upon Mr. McClain by certified mail. The motion was sent to Mr. McClain’s home address, 515 Porter Avenue, Ocean Springs, 39564.
¶ 6. Patricia Smith, the Jackson County Circuit Court Administrator, set the case for trial on October 8, 1996 and mailed a notice of trial setting to Mr. McClain at the Porter Avenue address and to Attorney Parlin’s address. Ms. Smith also sent a notice of pretrial conference to Mr. White’s and Attorney Parlin’s addresses.
¶ 7. On October 8, 1996, the trial judge called the parties for trial. Mr. White and Attorney Parlin were present, but Mr. McClain failed to appear. The case was dismissed with prejudice due to Mr. McClain’s failure to appear at trial.
¶ 8. The trial judge set the counterclaim for Writ of Inquiry. After conducting the inquiry, he awarded a judgment against Mr. McClain in the amount of $46,000 in compensatory damages and $25,000 in punitive damages, plus all costs which had accrued. A writ of garnishment was later issued to Mr. McClain’s bank in Ocean Springs.
¶ 9. On June 19, 1997, Mr. McClain filed a motion to set aside the default judgment. At the hearing on the motion, Mr. McClain argued that he had moved from the Porter Avenue address and did not receive the motion to set trial or the notice of trial setting. The trial judge denied the motion. Mr. McClain now appeals the denial of the motion.

ISSUE

I. WHETHER THE DEFAULT JUDGMENT ENTERED AGAINST *308 THE PLAINTIFF VIOLATED HIS DUE PROCESS RIGHTS AND SHOULD HAVE BEEN SET ASIDE UNDER M.R.C.P. 60(B) WHERE PLAINTIFF RECEIVED NEITHER ACTUAL NOR CONSTRUCTIVE NOTICE THAT THE MATTER HAD BEEN SET FOR TRIAL.
¶ 10. Mr. McClain contends that the default judgment is void under M.R.C.P 60(b)(4) for lack of notice. He argues that the trial court and Attorney Parlin improperly served him notice of trial rather than to Attorney Reed, his attorney of record.

Law

¶ 11. “Whenever ... service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service upon party himself is ordered by the court.” M.R.C.P 5(b).

Analysis

¶ 12. Because the record reveals that the circuit court had not entered an order which mandated that service be made upon Mr. McClain, service of Attorney Parlin’s motion to set trial and the circuit court’s notice of trial setting was therefore required to be made upon Attorney Reed, Mr. McClain’s attorney of record. M.R.C.P 5(b).
¶ 13. This Court notes that in October of 1997, approximately 5 years after filing his complaint, Mr. McClain admitted during the hearing on the motion to set aside the default judgment to having discharged his attorney. Notwithstanding this fact, the record does not reveal that the circuit court nor Attorney Parlin had notice prior to October 1997 of Mr. McClain’s action of discharging his attorney or any attempt by Attorney Reed to withdraw his representation.
¶ 14. “When an attorney makes an appearance for any party in a case, that attorney will not be allowed to withdraw as attorney for the party without the permission of the court.” Uniform Circuit and County Court Rule 1.13 (Rev.1995, formerly Uniform Circuit Court Rule 1.11). Attorney Reed acted in his capacity as counsel for Mr. McClain by filing the complaint and the answer to the counterclaim. However, neither a motion requesting his formal withdrawal as counsel nor a court order permitting withdrawal were present in the record. The circuit court and Attorney Parlin were therefore obligated under M.R.C.P. 5(b) to serve all motions and notices upon Mr. McClain’s attorney of record. Having failed to so do, this Court finds that the default judgment is void. M.R.C.P. 60(b)(4). Accordingly, this Court reverses the grant of default judgment.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS REVERSED AND REMANDED. ALL COSTS ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.