MAXWELL, J„
for the Court.
¶ 1. Willie James Clark (“Willie”) and Aileen Brown Clark (“Aileen”) were grant *498 ed a divorce in the Chancery Court of Coahoma County, Mississippi. Prior to granting the divorce, the chancellor had entered a separate temporary support order. Meen initiated both the divorce and temporary support actions by serving Willie with a Rule 81 summons. Willie moved to set aside the judgment of divorce, arguing that he should have been served instead with a Rule 4 summons. The chancellor denied Willie’s motion, and Willie appeals from this decision.
¶ 2. We find that because Meen failed to serve a Rule 4 summons in the divorce action, the chancellor lacked jurisdiction and erred in refusing to set aside the divorce. While the court lacked jurisdiction to grant the divorce, we find the chancellor had jurisdiction to enter the separate temporary support order, and it should be upheld. Therefore, we affirm in part and reverse and remand in part.
FACTS AND PROCEDURAL HISTORY
¶ 3. Meen and Willie were married for five years before they separated in August 2007. They have one daughter from their marriage. On February 19, 2008, Meen filed a complaint for divorce, and about ten days later filed an amended complaint for divorce. On May 80, 2008, she filed a motion for temporary support.
¶ 4. Willie was later served with two Rule 81 summons. The first directed him to appear and defend on June 13, 2008, which was the date set for a hearing on Meen’s motion requesting temporary alimony, child support, and custody. Willie did not appear on that date. The chancellor entered a temporary order a few days later granting Meen $250 per week in “temporary family support” and awarding Meen temporary custody of their daughter.
¶ 5. The second summons directed Willie to appear on July 25, 2008, to defend against Meen’s amended complaint for divorce. However, once again, Willie did not appear or otherwise defend.
¶ 6. The chancellor held a hearing on July 25, 2008, and entered a written judgment of divorce granting Meen a divorce from Willie based upon the ground of adultery. Within this same written judgment of divorce, the chancellor also awarded Meen custody of the couple’s minor child and granted Willie “reasonable visitation.” In addition, the chancellor awarded $750 per month in child support for Meen as well as $250 per month in rehabilitative alimony for a three-year period. She was also granted ownership of a vehicle she had driven, and her last name was ordered to be restored to her maiden name. The chancellor also required Willie to provide his daughter’s health insurance, and ordered Willie to pay $1,500 in attorney’s fees. On August 29, 2008, the chancellor amended the written judgment of divorce, but no significant substantive changes were made.[1]
¶ 7. On September 23, 2008, Willie filed a motion pursuant to Mississippi Rule of Civil Procedure 60(b) to set aside the chancellor’s judgment of divorce. Six days later he filed an amended motion requesting the same relief, which the chancellor denied.
¶ 8. On appeal, Willie asserts essentially one assignment of error. He claims that because he was not served with the proper form of summons, the chancellor was without jurisdiction over the matters decided in the August 29, 2008, amended judgment, *499 which granted the parties’ divorce, awarded custody to Aileen, and ordered Willie to make rehabilitative-alimony and child-support payments, among other items. Because of the alleged jurisdictional defect, Willie contends the chancellor erred in refusing to grant his Rule 60(b) motion.[2]
STANDARD OF REVIEW
¶ 9. We will not disturb a chancellor’s findings of fact “unless the chancellor’s decision is manifestly wrong or unsupported by substantial evidence.” Bougard v. Berngard, 991 So.2d 646, 648(¶ 12) (Miss.Ct.App.2008) (citation omitted). However, “[wjhen reviewing questions concerning jurisdiction, this court employs a de novo review.” Sanghi v. Sanghi, 759 So.2d 1250, 1252(¶ 7) (Miss.Ct.App.2000).
DISCUSSION
I. Divorce Action: Form of the Summons and Jurisdiction
¶ 10. Both the divorce summons and the separate summons for temporary support utilized the identical language and format found in Form ID, located in Appendix A to the Mississippi Rules of Civil Procedure. Form ID is the sample form for matters governed by Rule 81(d) of the Mississippi Rules of Civil Procedure. See Sanghi, 759 So.2d at 1256(¶ 28).
¶ 11. It is well settled that in divorce cases, Rule 4 of the Mississippi Rules of Civil Procedure “provides for the means of service of the original complaint and the form of the accompanying summons.” Sanghi, 759 So.2d at 1253(¶ 11); see also Carlisle v. Carlisle, 11 So.3d 142, 144(¶ 9) (Miss.Ct.App.2009).[3] We have instructed that “[t]he rules on service of process are to be strictly construed. If they have not been complied with, the court is without jurisdiction unless the defendant appears of his own volition.” Kolikas v. Kolikas, 821 So.2d 874, 878(¶16) (Miss.Ct.App.2002) (internal citations omitted).
¶ 12. Furthermore, in Rule 81 matters, a Rule 81 summons must be issued; otherwise, service is defective. See, e.g., Powell v. Powell, 644 So.2d 269, 274 (Miss.1994); Saddler v. Saddler, 556 So.2d 344, 346 (Miss.1990); Serton v. Serton, 819 So.2d 15, 21 (¶ 24) (Miss.Ct.App.2002). Actual notice does not cure defective process. See, e.g., Mosby v. Gandy, 375 So.2d 1024, 1027 (Miss.1979). “Even if a defendant is aware of a suit, the failure to comply with rules for the service of process, coupled with the failure of the defendant voluntarily to appear, prevents a judgment from being entered against him.” Sanghi, 759 So.2d at 1257(¶ 33).
¶ 13. For example, in Sanghi, we found process was defective where the defendant in a contempt action, Dr. Harishankar Sanghi, received notice of the date and time of the hearing, but was not served with a Rule 81 summons. Id. at (¶ 31). Dr. Sanghi not only received a copy of the petition for contempt via certified mail, but *500 he also received via first-class mail a notice prepared by the chancery court’s administrator informing him of the date on which the hearing had been scheduled. Id. at 1254(¶ 16). After receiving the notice, Dr. Sanghi called the administrator requesting to have the hearing postponed due to medical problems, and he was accommodated. Id. When Dr. Sanghi failed to appear on the date on which the hearing had been rescheduled, the trial court found him in contempt and ordered his incarceration. Id. at 1254(¶ 19). Nevertheless, we found the defendant was not served with valid process under Rule 81, and we reversed and remanded for further proceedings. Id. at 1258 (¶¶ 36-37).
¶ 14. Because it is undisputed that Willie failed to appear or otherwise defend against Aileen’s amended divorce complaint, our jurisdictional inquiry turns on whether Willie was properly served with process. Specifically, we must decide whether service is defective where a Rule 81 summons is served to initiate a divorce action, a non-Rule 81 matter.
¶ 15. Rule 4 lists the requirements for a valid summons issued under Rule 4, and provides in pertinent part:
The summons shall be dated and signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiffs attorney, if any, otherwise the plaintiffs address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint.... Summons served by process server shall substantially conform to Form 1A.
M.R.C.P. 4(b) (emphasis added).[4] The summons in Form 1A informs the defendant that he or she is “required to mail or hand deliver a copy of a written response to the Complaint” to the plaintiffs attorney within thirty days or a default judgment will be entered against the defendant. M.R.C.P.App. A. Form 1A. The form further provides that the defendant “must also file the original of [his/her] response with the [appropriate trial court clerk] within a reasonable time[.]” Id. As we have noted before, use of the sample forms is not required, but their use is good practice because it “removes any question of sufficiency [of process] under the Rules.” Sanghi, 759 So.2d at 1256(¶ 28) (citing M.R.C.P. 84).
¶ 16. In the case before us, Willie was informed that a judgment would be entered against him if he failed to appear and defend, as is required by Rule 4(b). However, the summons at issue contained substantial deviations from Rule 4. First, the Rule 81 summons stated: “You are not required to file an answer or other pleading but you may do so if you desire.” Second, the Rule 81 summons did not specify any deadline- — specifically, that Willie was required to answer with a response to his wife’s attorney within thirty days. Third, the Rule 81 summons did not inform Willie that he was required to also file his answer with the chancery clerk within a reasonable time.
¶ 17. In explaining the primary distinction between a Rule 4 and Rule 81 *501 summons, we have recognized that “[a] Rule 81 summons notifies a party ‘of the time and place where he is to appear and defend,’ while a Rule 4 summons requires a written response within 30 days.” Sanghi, 759 So.2d at 1253(¶ 14). Since the summons with which Willie was served in the divorce action contained substantial deviations from the requirements of Rule 4, and most notably did not provide that he was required to respond within thirty days, we find the particular Rule 81 summons did not meet the explicit requirements of Rule 4(b), nor did it substantially conform to Form 1A. See M.R.C.P. 4(b). Therefore, Willie was not served with valid process, and the chancellor lacked jurisdiction to enter the divorce decree.
II. Setting Aside the Judgment of Divorce
¶ 18. Generally, “[d]efault judgments are not permitted in divorce cases. However ... a ‘special kind of default judgment’ may be given in uncontested actions for divorce so long as the proceeding is heard in open court and ‘the claimant establishes his claim or right to relief by evidence.’ ” Brown v. Brown, 872 So.2d 787, 788(¶ 10) (Miss.Ct.App.2004) (internal citations omitted); see also Miss.Code Ann. § 93-5-17 (Rev.2004); M.R.C.P. 55(e).
¶ 19. We have held a properly served defendant’s “failure to answer does not drag a divorce case to a halt. Instead, the plaintiff must, at a hearing, prove the allegations that support the receipt of a divorce. If that is done, then the chancellor has authority to grant the divorce despite the absence of the defendant.” Stinson v. Stinson, 738 So.2d 1259, 1263 (¶ 15) (Miss.Ct.App.1999) (citing Rawson v. Bula, 609 So.2d 426, 430 (Miss.1992)).[5]
¶ 20. However, even if the allegations in the divorce complaint are established by the evidence, the chancellor must also have proper jurisdiction over the parties. Here, Willie’s sole argument is that the court lacked jurisdiction over him because he was never served with a proper summons. For this reason, Willie argues the judgment of divorce is void, and the chancellor erred in refusing to set it aside pursuant to Rule 60(b).

A. Personal Jurisdiction

¶ 21. Although “[t]he grant or denial of a 60(b) motion is generally within the discretion of the trial court, ... [i]f the judgment is void, the trial court has no discretion. The court must set the void judgment aside.” Soriano v. Gillespie, 857 So.2d 64, 69-70(¶ 22) (Miss.Ct.App.2003). A judgment is deemed void if the court rendering it lacked jurisdiction. Morrison v. Miss. Dep’t of Human Servs., 863 So.2d 948, 952(¶ 13) (Miss.2004). Specifically, a judgment is void “if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.” Id. (citation omitted).
¶ 22. In Kolikas, 821 So.2d at 879(¶ 32), we found the chancellor erred in failing to set aside a divorce decree pursuant to Mississippi Rule of Civil Procedure 60(b), where the defendant in a divorce action was served by publication without strictly complying with the requirements of Rule 4. We observed that a defendant is “under no obligation to notice what is going on in a cause in court against him, unless the court has gotten jurisdiction of him in some manner recognized by law.” Id. at 878(¶ 17). Here, we find the chancellor, *502 just as in Kolikas, did not acquire personal jurisdiction over the defendant because service in a manner recognized by law was never achieved.
¶ 23. Since the chancellor lacked personal jurisdiction over Willie, the divorce is void. Thus, the chancellor erred in refusing to set it aside pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure.
¶ 24. Because we find the divorce void, our next inquiry is whether the related matters addressed by the chancellor within the chancellor’s judgment of divorce should also be deemed void.

B. Related Matters

¶ 25. In chancery practice, most of the financial awards accompanying the chancellor’s divorce decree are linked. See, e.g., Deborah H. Bell, Bell on Mississippi Family Law § 19.09[7] (2004). Our supreme court has explained:
All property division, lump[-]sum or periodic alimony payment, and mutual obligations for child support should be considered together. Alimony and equitable distribution are distinct concepts, but together they command the entire field of financial settlement of divorce. Therefore, where one expands, the other must recede.
Lauro v. Lauro, 847 So.2d 843, 848-49(¶ 13) (Miss.2003) (internal quotation marks omitted). For this reason, it has been held that when a divorce is invalidated, “all matters decided as a result of the divorce decree are null and void and should be brought in another hearing.” Peterson v. Peterson, 797 So.2d 876, 879(¶ 12) (Miss.2001). For example, in Thompson v. Thompson, 894 So.2d 603, 607(¶ 22) (Miss.Ct.App.2004), we reversed the chancellor’s division of property, which we held also required reversal of the chancellor’s award of lump-sum alimony as well as her child support determination. Also, in Duncan v. Duncan, 815 So.2d 480, 485(¶ 16) (Miss.Ct.App.2002), we reversed a chancellor’s award of periodic alimony, and finding that any changes in that award would impact on other aspects of the chancellor’s decision on remand, we vacated all aspects of the final judgment relating to financial matters. Moreover, the supreme court held reversal of a chancellor’s distribution of property also required reversal of the chancellor’s award of attorney’s fees. Lauro, 847 So.2d at 850(¶ 18).
¶ 26. While this rule may not apply to rehabilitative alimony awards, see Lauro, 847 So.2d at 849(¶ 15), in this case, the rehabilitative alimony award is also void because alimony, like divorce, is governed by Rule 4, and Willie was never served with a Rule 4 summons. Thus, the court also lacked jurisdiction to make the rehabilitative-alimony award.
¶ 27. Accordingly, we find the chancellor’s judgment of divorce is void in its entirety, and all determinations therein—including the chancellor’s awards of alimony, child custody, and child support— must also be reversed.
III. Temporary Order
¶ 28. Finally, Willie claims that Aileen’s motion for temporary support was “nothing more than a derivative action” of the divorce complaint, and, therefore, the court’s lack of jurisdiction over the divorce complaint extends to the motion for temporary relief.
¶ 29. Although Mississippi appellate courts are generally without jurisdiction to hear direct appeals from temporary orders, Michael v. Michael, 650 So.2d 469, 471 (Miss.1995) (citing Miss.Code Ann. § 11-51-3 (Supp.1993)), the denial of a Rule 60(b) motion is a final judgment that is reviewable. Sanghi, 759 So.2d at 1255(¶ 22).
*503 ¶ 30. As Rule 81 makes clear, an action for temporary relief in divorce and an action for divorce are two separate matters. Each requires the issuance of a different form of summons — the former requiring a Rule 81 summons and the latter requiring a Rule 4 summons. We simply do not see how improper service in the divorce action affects the chancery court’s jurisdiction to hear temporary matters. We, therefore, reject the notion that failure to achieve proper service in the divorce action renders the action for temporary relief void. Furthermore, we note that a separate Rule 81 summons was properly issued in Aileen’s action for temporary support, thus giving the chancellor jurisdiction to award temporary relief. This issue is without merit.
CONCLUSION
¶ 31. The chancellor lacked jurisdiction over the divorce action because Willie was improperly served with a Rule 81 summons, rather than the required Rule 4 summons. For this reason, the chancellor’s judgment of divorce was void, as were his accompanying financial awards. Thus, the chancellor erred in refusing to set aside the judgment pursuant to Rule 60(b). Because the chancellor had jurisdiction over the matters adjudicated at the temporary support hearing, the temporary order stands.
¶ 32. THE JUDGMENT OF THE COAHOMA COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE PARTIES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. GRIFFIS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J., AND MAXWELL, J.

. The judgment clarified that the child support award was indeed monthly, as no time increment was originally stated.

. Although in his Rule 60(b) motion Willie disputed that he was properly served with process, he now stipulates he was personally served a Rule 81 summons in both the temporary support and divorce actions.

. Although Aileen did not serve Willie with an original complaint, but rather an amended complaint, Rule 4 still controls. Because Rule 81(d) embodies "special rules of procedure” that only apply to the matters listed in Rules 81(d)(l)-(2), and divorce is not one of these enumerated matters, service of Aileen’s amended complaint for divorce falls outside the scope of Rule 81. See M.R.C.P. 81(d). Thus, the general rules govern, see Sanghi, 759 So.2d at 1256(¶ 27), and Rule 4 contains the proper procedure for serving the amended complaint.

. In the Opinion and Judgment denying Willie's Rule 60(b) motion, the chancellor acknowledged that Rule 4 is the proper form of summons in a divorce case. However, it appears the chancellor denied the Rule 60(b) motion because he found that the Rule 81 summons substantially conformed to Form 1A, although it is not entirely clear that he denied Willie’s motion for this reason.

. We note that the rule is different in an irreconcilable differences divorce, in which, under certain circumstances, a judgment may be entered without proof or testimony being offered. See Miss.Code Ann. § 93-5-2(4) (Supp.2009).