MAXWELL, J.,
for the Court:
¶ 1. The Lee County Chancery Court entered an order allowing Michael Turner’s divorce attorney to withdraw as counsel. In this same order, the chancellor set the hearing date for Michael’s divorce trial for December 8, 2009. Michael *577 did not appear at the trial, yet the chancellor granted his wife, Jane Turner, a divorce, gave her custody of their son, awarded her attorney’s fees, and distributed their marital property. Michael moved to set aside the divorce judgment and other awards, arguing he did not receive notice of the rescheduled trial, as required by Rule 5 of the Mississippi Rules of Civil Procedure. Although there was no evidence Michael’s former attorney advised him of the new trial date nor any indication Michael had received actual notice of the rescheduled trial, the chancellor denied Michael’s post-judgment motion, finding delivery of the order to Michael’s withdrawing attorney satisfied the service of notice requirements of Rule 5(b).
¶ 2. We find at the moment the chancellor granted Michael’s attorney’s request to withdraw, Michael was no longer represented by an attorney of record. Thus, Rule 5(b) directed Michael be served, not his former attorney who no longer represented Michael in the divorce. Because Michael was not served with notice of the December 8, 2009 hearing, we find the resulting divorce judgment void. We reverse the chancery court’s denial of Michael’s motion to set aside the judgment and remand this case to the chancery court for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 3. In 2005, Jane and Michael began protracted divorce proceedings, which included a dispute over the custody and visitation of their son.
¶ 4. The record from 2006 shows a series of set and reset trial dates and an agreed temporary custody order. In March 2007, Michael filed a motion for contempt, alleging Jane had not permitted him to exercise the visitation agreed to in the temporary order. Jane responded in November 2007. The record is silent for the year of 2008. But in early 2009, the chancery court issued a series of orders setting the divorce for trial. The last order, which was filed on September 8, 2009, set the hearing for November 12, 2009. Our review concerns the notice issues surrounding the withdrawal of Michael’s attorney on November 12, 2009.
¶ 5. According to Michael, he appeared at the courthouse on the morning of November 12 but did not, at first, see his attorney, Jak Smith. Eventually, from the back of the courtroom, Michael saw Smith at the bench talking to the chancellor and Jane’s counsel.
¶ 6. There is no transcript of this bench conference. But we know from the chancellor’s resulting order that Smith made an oral motion to withdraw as counsel for Michael. Although Uniform Chancery Court Rule 1.08 requires a motion to withdraw be in writing, there is no written motion in the record. We are neither able to discern from the record Smith’s offered reasons for his withdrawal nor determine whether he gave Michael and Jane’s counsel the required reasonable notice, also an explicit prerequisite of Rule 1.08. Further, there is no indication that Michael received five days’ notice, to which he was entitled, before a hearing on a motion to withdraw may be conducted. See M.R.C.P. 6(d); McDonald v. McDonald, 850 So.2d 1182, 1188 (¶19) (Miss.Ct.App.2002).
¶ 7. All we have is the resulting order, dated November 12 and entered on November 18, that simultaneously (1) allowed Smith to withdraw as Michael’s counsel over Jane’s attorney’s objection and (2) continued the divorce trial to December 8, 2009. The order shows Smith “agreed as to form” of the order and signed it as “counsel for Defendant.”
*578 ¶ 8. According to Michael, Smith left the bench conference and found him in the back of the courtroom. Smith led Michael to a conference room, where they discussed Smith’s withdrawal and offer of assistance in finding Michael new counsel. But they did not, Michael asserts, discuss the reset trial date. It is undisputed that no record support exists to show Michael had actual notice of the subsequent trial. According to a later stipulation offered during Michael’s hearing on his request for a new trial, both parties agreed Smith could not recall whether he did or did not give Michael a copy of the order. The parties also stipulated that Smith’s office had no record of mailing Michael a copy of the order. Jane’s attorney testified he gave Smith a copy of the order but not Michael.
¶ 9. Though the record indicates Michael had not missed any prior court hearings, he did not appear for the December 8 trial. However, the chancellor proceeded with the hearing, granting Jane a divorce on the ground of habitual drunkenness and awarding her custody of their son. He also awarded her attorney’s fees and divided the marital property. Nine days later, on December 17, 2009, Michael filed a motion to set aside the divorce and for a new trial. Michael argued the divorce judgment was void and should be set aside under Mississippi Rule of Civil Procedure 60(b), because Michael was not properly notified of the December 8 hearing and, thus, deprived of his due-process rights. In the alternative, Michael argued certain provisions of the divorce decree should be altered or amended under Mississippi Rule of Civil Procedure 59(e).
¶ 10. After conducting a hearing, the chancellor denied the motion, specifically finding: “Service of process of the November 12, 2009 Order was in compliance with M.R.C.P. 5” and “[no] good reason or just cause for [Michael’s] failure to appear at the December 8, 2009 hearing.” The chancellor also declined to alter his previous decree.
¶ 11. Michael timely appealed.
DISCUSSION
¶ 12. On appeal, Michael argues the chancellor should have granted his post-judgment motion for both (1) the failure to provide sufficient notice under Rule 5 and (2) errors in awarding Jane a divorce, custody, equitable distribution, and attorney’s fees. We solely address the notice issue. Because we find the divorce judgment is void for lack of notice, each accompanying award in the judgment is also without legal effect. Peterson v. Peterson, 797 So.2d 876, 879 (¶ 12) (Miss.2001).
¶ 13. “Although ‘the grant or denial of a 60(b) motion[1] is generally with *579 in the discretion of the trial court, if the judgment is void, the trial court has no discretion. The court must set the void judgment aside.’ ” Clark v. Clark, 43 So.3d 496, 501 (¶ 21) (Miss.Ct.App.2010) (quoting Soriano v. Gillespie, 857 So.2d 64, 69-70 (¶ 22) (Miss.Ct.App.2003)). “Specifically, a judgment is void ‘... if [the court] acted in a manner inconsistent with due process of law.’ ” Id. (quoting Morrison v. Miss. Dep’t of Human Servs., 863 So.2d 948, 952 (¶ 13) (Miss.2004)). While Clark involved a void judgment based on a failure to serve process under Mississippi Civil Procedure Rule 4, this court has also voided a judgment for failure to serve notice of trial under Rule 5(b). McClain v. White, 738 So.2d 306, 308 (¶ 12-14) (Miss.Ct.App.1999).[2] This is because “[n]otice, whether of the time and place of a hearing, the contents of a complaint, or of the specific nature of a criminal charge, is the essence of due process.” Johnson v. Weston Lumber & Bldg. Supply Co., 566 So.2d 466, 469 (Miss.1990).
¶ 14. Rule 5(a) of the Mississippi Rules of Civil Procedure requires that orders and written notices “shall be served upon each of the parties” in the method provided by Rule 5(b). M.R.C.P. 5. Rule 5(b) directs: “Whenever under these rales service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service upon the party himself is ordered by the court.” M.R.C.P. 5(b)(1). Under Rule 5(b), service is made upon the attorney with “two basic exceptions” — the party is not represented or the court orders otherwise. Duckworth v. Strite, 748 So.2d 794, 797(11) (Miss.Ct.App.1999) (quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1145 (1987)). “Under the first [exception], service on a party is valid— indeed it is obligatory — if a party does not have an attorney or if the attorney has ceased to represent the party[.]” Id. (emphasis added).
¶ 15. Having been permitted to withdraw, Smith undoubtedly “ceased to represent” Michael. Thus, we find the first exception to service on an attorney applied. The dissent essentially casts the chancellor’s simultaneous order — which both allowed Michael’s attorney to withdraw and reset the divorce trial — as an unsolvable chicken-versus-egg predicament, concluding because we cannot know “which came first,” we should conclude that Smith signed the order “as counsel for the defendant” while he was still representing Michael. But we disagree with the dissent that an attorney can both be relieved as counsel of record and be relied upon to agree to other matters in the *580 litigation. In answering “which came first,” we are guided by precedent that draws a clear line of demarcation when an attorney withdraws, irrespective of his continuing ethical duties.
¶ 16. While the dissent finds disfavor with our reliance on one of this court’s leading Rule 5(b) cases, Duckworth, it offers up nothing by manner of either rule or case law to contradict our conclusion. Instead, the dissent declares, without citation to any authority, that because Smith’s ethical duties to Michael continued after the order of withdrawal, service upon him as Michael’s representative was sufficient — even though the court had ordered Smith’s withdrawal from the case.
¶ 17. While we agree ethical duties remained, we disagree that the Mississippi Rules of Professional Conduct supplant or in any way augment Mississippi’s procedural notice requirements or this court’s Rule 5(b) analysis. See Miss. Rules of Profl Conduct, Scope (discussing the purpose of the professional rules is to provide “lawyer’s self-assessment” and “structure for regulating conduct through disciplinary agencies”). To determine who must be served under Rule 5(b) — the party or its attorney of record — we ask when did the attorney cease to be “of record.” M.R.C.P. 5(b). We focus solely on the time of withdrawal, and not on any attendant ethical duties that may remain. Polk v. Jones, 20 So.3d 710, 714-15 (¶¶ 17-18) (Miss.Ct.App.2009).
¶ 18. In Polk, this court held that a chancery court’s order directing a partition sale, sent to Frank Polk’s attorney more than a month before the attorney filed a motion to withdraw, complied with Rule 5(b) — even though Frank’s attorney admitted he never gave Frank actual notice of the sale due to their deteriorating relationship. Id. at 714 (¶ 18). At the time notice was sent, “[a]s far as the chancellor knew Frank was represented by counsel.” Id. Because Frank’s attorney “was obligated to act in his capacity as counsel for Frank until allowed to withdraw by the chancellor!,] ... service of [his attorney] was appropriate.” Id. at 715 (¶ 18).
¶ 19. In McClain, this court found that notice of a hearing sent directly to one of the parties, Donald McClain, was insufficient, voiding the resulting default judgment obtained at that hearing. McClain, 738 So.2d at 308 (¶¶ 12-14). McClain admitted he had discharged his attorney, but the trial court had not granted his attorney an order allowing withdrawal under Uniform Rule of Circuit and County Court Practice 1.13. Id. at 308 (¶ 14). Because, according to the record, McClain’s attorney still represented McClain, Rule 5(b) directed notice be sent to McClain’s attorney. Id.
¶ 20. Conversely, in Duckworth, notice sent directly to the party complied with Rule 5(b) because Cooper Duckworth’s first attorney had withdrawn and his new attorney had yet to appear of record. Duckworth, 748 So.2d at 797 (¶¶ 11-12). Consequently, “at the time [service was required] Duckworth was not represented by counsel.” Id. at 797 (¶ 12). The fact Duckworth’s new attorney had established an attorney-client relationship and was actively working on the matter did not factor into this court’s Rule 5(b) analysis.
¶ 21. Here, Smith was allowed to withdraw in the same Order resetting the hearing for December 8, 2009. In Fairchild v. General Motors Acceptance Corp., 254 Miss. 261, 265, 179 So.2d 185, 187 (1965), the Mississippi Supreme Court held that an attorney who had moved to withdraw his representation could not at the same time exercise authority to act on his client’s behalf on other matters. While “withdrawal is prospective [and] does not erase those steps in the proceedings al *581 ready taken,” withdrawal likewise prevents an attorney from taking future steps on behalf of his client. Id. Thus, the supreme court reversed an action taken by an attorney in his client’s litigation when that action was “coincident with the attorney’s withdrawal from the case.” Id. We find Smith could not simultaneous withdraw as Michael’s representative and be “counsel for the defendant” for purposes of notice of the December 8 hearing. Id.; see Johnson, 566 So.2d at 468 (finding the plaintiff was without counsel “as of the date of the order allowing [plaintiffs attorney] to withdraw”). The chancellor reasoned that because the order was not entered until November 13, 2009, Smith was technically Michael’s attorney until the following day. Thus, Michael received notice of the hearing through his “attorney of record” because Smith left the courthouse on November 12 with a copy of the order. But applying this same reasoning, the December 8 trial date was also not set until November 13, the date the order was entered. So at the moment the hearing was set, Michael was without counsel. While ethical duties continued, there is no dispute that at this point Smith could not have filed pleadings, responded to motions, or otherwise acted on Michael’s behalf. Fairchild, 254 Miss. at 265, 179 So.2d at 187. Thus, having been let out of the case, we find Smith no longer had authority to receive Rule 5(b) service on Michael’s behalf. See McClain, 738 So.2d at 308 (¶¶ 12-14) (finding service of attorney under Rule 5(b) depends on whether there was on order of withdrawal); Polk, 20 So.3d at 715 (¶ 18) (finding obligation to receive service on behalf of client continued until allowed to withdraw).
¶22. The dissent finds Jane’s counsel reasonably relied on Smith to serve his former client, Michael, with notice. Rule 5(b) simply says “service shall be made.” M.R.C.P. 5(b). Though Rule 5(b) does not specify who shall make service, we find it unreasonable to conclude that an attorney who had been permitted by the court to withdraw from the case, and is no longer counsel of record, is the person obligated to provide service. To the contrary, a leading treatise has recognized that according to Rule (5)(b) “service on a party ... is obligatory ... if the attorney has ceased to represent the party[.]” 4A Wright & Miller, Federal Practice and Procedure § 1145 (1987).
¶ 23. We find Jane’s counsel did not fulfill that obligation by handing Smith, who had just been permitted to withdraw, a copy of the order. McClain, 738 So.2d at 308 (¶ 14). This is particularly so, considering the permitted manner of withdrawal, which was apparently the result of an oral motion to withdraw made outside of Michael’s presence — when Uniform Chancery Court Rule 1.08 expressly requires a written motion and reasonable prior notice to the client and opposing counsel and Civil Procedure Rule 6(d) mandates five days’ notice before the court may hold a hearing on an attorney’s motion to withdraw. UCCR 1.08; M.R.C.P. 6(d).
¶ 24. Based on these circumstances— and considering the contested divorce and custody issues at hand — we choose to err on the side of due process and strict compliance with Rule 5(b) and find notice was not sufficient to apprise Michael of the December 8 hearing.
¶ 25. We recognize chancellors are frequently confronted with situations where attorneys seek withdrawal but the court must set and conduct future trials or hearings. The dictates of Rule 1.08 and Rule 6(d) should certainly be followed when withdrawal requests are made. But in cases where permission to withdraw is granted outside of the presence of the *582 requesting attorney’s client, to avoid future notice problems, it is certainly permissible for a chancellor to enter a written order scheduling a future hearing, which expressly conditions the requesting attorney’s withdrawal only upon submission of proof to the court that he or she has given notice of the subsequent hearing to the client. Another suitable method, under this circumstance, would be to allow withdrawal of counsel subject to the condition that subsequent papers may continue to be served upon counsel for forwarding purposes as the judge may direct, unless and until the client appears by other counsel or pro se.
¶ 26. In Johnson, the Mississippi Supreme Court reversed the denial of a Rule 60 motion to set aside a judgment because the record did not show, after the entry of an order to allow counsel to withdraw, the plaintiff, now without counsel, had been notified of the trial date. Johnson, 566 So.2d at 468-69. “ ‘Even though the result might be the same every defendant or respondent has the right to notice in a court proceeding involving him, and to be present, and to introduce evidence at the hearing.’ Where that valuable right is denied there must follow a reversal.” Id. at 468 (quoting Edwards v. James, 453 So.2d 684 (Miss.1984)).
¶ 27. For the same reasons, we reverse the denial of Michael’s motion to set aside the divorce judgment. Because we find the December 8 judgment void for lack of due process, we remand this matter to the chancery court without further comment. When a divorce is invalidated, “all matters decided as a result of the divorce decree are null and void and should be brought in another hearing.” Peterson, 797 So.2d at 879 (¶ 12). See also Lauro v. Lauro, 847 So.2d 843, 850 (¶ 18) (Miss.2003) (explaining reversal of a chancellor’s property distribution also requires reversal of her award of attorney’s fees); Clark, 43 So.3d at 502 (¶ 25) (explaining that property distribution, attorney’s fees, and lump-sum and periodic alimony awards must be reversed when accompanying a void divorce). Thus, we reverse the December 8, 2009 grant of divorce and all resulting decisions regarding custody, property distribution, and attorney’s fees and remand this case to the chancery court for further proceedings consistent with this opinion.
¶ 28. THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., CONCURS, BARNES, J., CONCURS IN RESULT ONLY. RUSSELL, J., CONCURS IN PART AND IN THE RESULT JOINED BY IRVING, P.J. GRIFFIS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ISHEE AND CARLTON, JJ. MYERS AND ROBERTS, JJ., NOT PARTICIPATING.

. “How a court treats a motion for reconsideration turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e). If it is after that time, it falls under Rule 60(b).’’ Carlisle v. Allen, 40 So.3d 1252, 1260 (¶ 33) (Miss.2010) (quoting Cannon v. Cannon, 571 So.2d 976, 978 n. 2 (Miss.1990)). Michael filed his motion to set aside the divorce judgment within ten days of its entry, which Carlisle characterizes as a Rule 59(e) motion. M.R.C.P. 59. But Michael expressly invoked Rule 60(b)(4) when he requested that the divorce judgment be set
aside as void because Michael was not afforded due-process notice of the December 8 hearing. M.R.C.P. 60(b). Therefore, we address the chancery court’s action as a denial of a Rule 60(b) motion.
To classify Michael's motion as a Rule 59(e), as opposed to a Rule 60 motion, in these circumstances, would be to make a distinction without a difference. Michael's motion was timely filed under both rules. M.R.C.P. 59, 60(b). The standard of review for a denial of a motion under either rule is abuse of discretion. Perkins v. Perkins, 787 *579 So.2d 1256, 1261 (¶ 9) (Miss.2001) (review of denial of Rule 59(e) motion); Clark v. Clark, 43 So.3d 496, 501 (¶ 21) (Miss.Ct.App.2010) (review of denial of Rule 60(b) motion). And Michael’s claim that he did not receive proper notice of the December 8 hearing date invokes relief under both rules. Case law provides a trial court should grant Rule 59(e) relief to a movant who shows the "need to correct a clear error of law or to prevent manifest injustice.” Brooks v. Roberts, 882 So.2d 229, 233 (¶ 15) (Miss.2004). And a trial court must grant relief under Rule 60(b) when a judgment is void for the court’s actions "inconsistent with due process of law.” Clark, 43 So.3d at 501 (¶ 21) (citing Morrison v. Miss. Dep’t of Human Servs., 863 So.2d 948, 952 (¶ 13) (Miss.2004)).

. Judge Griffis criticizes our citation to Clark for the standard of review of a Rule 60(b)(4) motion. While we agree with the dissent that service of process on Michael was proper under Rule 4, we disagree that due-process concerns cease to exist once a party is properly summoned. See Curtis v. Curtis, 59 So.3d 623, 631 (¶ 28) (Miss.Ct.App.2011) (discussing interaction between Rule 5 and constitutional due-process requirements).